## SUCCESSION OF WHIPPLE.

The Supreme Court has no general supervising power and control over courts of inferior jurisdiction. The power it is authorized to exercise through writs of mandamus and prohibition, is limited to cases in which its exercise is incidental to, and in furtherance of, its appellate jurisdiction.

A writ of prohibition will not be directed to a District Court of New Orleans to forbid its assuming jurisdiction in the matter of a succession, on the application of one who had been appointed a curator of the same succession by another District Court of the city, where the question of jurisdiction has not been raised or decided by the former tribunal. The question as to which court has jurisdiction depends, under the stat. of 30 April, 1846, § 13, upon the time of filing the petition for the curatorship, and one court has as much authority as the other to determine it, so far as its own proceedings are concerned. The jurisdiction of the Supreme Court being appellate only, and the question of jurisdiction not having been raised in the court to which the prohibition is prayed to be directed, cannot be determined on an application for a prohibition.

APPLICATION for a prohibition to the Third District Court of New Orleans, *Kennedy*, J.

*Budd*, *Redmond* and *Cohen*, for the application.

*Mott* and *Carter*, contra.

The judgment of the court was pronounced by

SLIDELL, J. Under the constitution and act of 30 April, 1846, all the district courts of New Orleans are clothed with jurisdiction in matters of succession. See Constitution, arts. 75 and 78. Acts of 1846, p. 32. The 13th section of this act declares, "that all petitions filed for the curatorship or administration of estates or for executorship of wills, the exact time of filing said petitions shall be endorsed, and in the court in which petition was first filed, as shall appear by the endorsement thereon, all of said petitions shall be transferred and decided on." [*Sic* in published stat. R.]

*Jonanneau* has applied to this court for a writ of prohibition to the Third District Court of New Orleans. The grounds presented are that, on the 12th Jan-

---

uary, 1847, he filed in the Second District Court of New Orleans a petition, applying for the curatorship of the succession of *Whipple*, upon which the usual order of advertisement was made, and he was eventually appointed and qualified as curator by that court. That one *Folger*, on the 12th January, 1847, but upon a petition filed, as he alleges, at a later hour, applied for the curatorship of the same succession, in the Third District Court of New Orleans, and having been also appointed curator by this latter court, has obtained therein an order for the sale of certain property of the succession. He also avers that he obtained in the Second District Court a rule on the adverse curator, *Folger*, to shew cause why the proceedings in the Third District Court should not be transferred to the Second District Court, and that thereupon an order of transfer was made by the Second District Court. This order was made without any concurrence, or action thereon whatever of the Third District Court. He alleges that the appointment made by the Third District Court, and all the proceedings in that court, are null and void, and prays that a writ of prohibition may issue, forbidding said Third District Court from further entertaining any jurisdiction in relation to the administration of the estate of said *Whipple*, inhibiting said *Folger* from assuming the functions of curator of said estate, and directing the sheriff to forbear proceeding any further with the intended sale of the property of said estate. The clerk's certificate of filing, endorsed on the petition in the Second District Court, exhibits the hour of the day on which it was filed. The endorsement on the petition filed in the Third District Court, signed by the clerk, states the day of filing, but not the hour, and a memorandum also written on the petition, but not officially signed, states the hour of filing. It further appears that *Folger* has taken an appeal from the decree of the Second District Court; but the Third District Court continued to exercise jurisdiction over the succession, and has ordered a sale by the sheriff.

Thus each court continues to exercise its jurisdiction, and each, under the statute, having an independent organization and jurisdiction, the one is without authority to control the other; for it must be observed, that the statute has not provided which court, in case of controversy, shall decide the disputed question. This state of things may present a very proper case for legislative action. Our province, however, is to interpret the constitution and laws as we find them, and to decide accordingly.

Whether the Third District Court has, or has not, lawful jurisdiction in the matter of this succession, is a question dependent, under the statute of 1846, upon the fact of the time of filing the petition for the curatorship in that tribunal, and that question the Third District Court has, under the statute, as full authority to determine, *quoad* the proceedings before it, as the Second District Court has as to the proceedings in its forum. The question has never been raised in the Third District Court. The jurisdiction of this court, under the constitution, is appellate only, except in cases specially provided. We have not a general supervising power and control over courts of inferior jurisdiction. Our supervising power, through the writs of mandamus and prohibition, is limited to those cases where its exercise is incidental to and in furtherance of our appellate jurisdiction. We cannot thus create a cause. The question of jurisdiction having never been raised before the Third District Court, nor decided by it, we are not authorized to hear and determine the question originally, nor would it be proper for the applicant to assume in advance that, if the question of jurisdiction was raised in that court, it would be decided adversely or erroneously.

SUCCESSION OF WHIPPLE.

The applicant for a prohibition is not entirely without remedy before the Third District Court itself, and, at all events, he has not presented a case within the constitutional jurisdiction of this tribunal. It is obvious that where two courts are thus proceeding, very embarrassing and anomalous results may follow, before the subject can be properly brought before the appellate tribunal. Petitions might be filed in the five District Courts of New Orleans on the same day, in the matter of the same succession; five conflicting mandates might be sent to the sheriff, their common officer, and the same question might be determined different ways; an impropriety, says Blackstone, which no wise government can or ought to endure. The writ of prohibition would arrest such a mischief in England, for there it is the king's prerogative writ, and the king's superior courts of Westminster have, in such cases, a superintendancy over all inferior courts of what nature soever, and may prohibit and control them. The necessity of some provision with regard to the collision of the District Courts of New Orleans, will doubtless commend itself to the attention of the proper department of the government.

*Application for prohibition dismissed, with costs.*