SMITH
*v.*
NETTLES.

## STATE *v.* JAMES KEOGH.

It is a general rule that in an information or indictment for a statutory offence, it is sufficient to follow the words of the statute.

The test whether the plea of *autrefois acquit* is a sufficient bar in any particular case, is whether the evidence necessary to support the second indictment, would have been sufficient to have procured a legal conviction upon the first.

APPEAL from the First District Court of New Orleans, *Hunt*, J.

*M. A. Foute*, District Attorney, for the State.    *A. P. Field*, for the defendant and appellee.

MERRICK, C. J. The offence charged in the information is in these words, viz : " That one *James Keogh*, late of the parish of Orleans, on the eighteenth day of December, in the year of our Lord one thousand eight hundred and fifty-five, with force and arms, in the parish of Orleans aforesaid, within the jurisdiction of the First District Court of New Orleans, with a certain dangerous weapon, to wit, a loaded cane, did inflict severe wounds upon one *Michael O'Conner*, less than mayhem, contrary to the form of the statute of the State of Louisiana in such case made and provided, and against the peace and dignity of the same."

The information was framed under the 11th section of the Act of 1855, the section being in these words," viz :

Sec. 11. " Whoever shall with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall on conviction be imprisoned not exceeding two years, nor less than six months, with or without hard labor, and fined not exceeding one thousand dollars."

The accused having been convicted, prosecutes his appeal to this court, and relies for a reversal of the judgment on these grounds, viz :

That the information is defective in not describing the wound inflicted, so as to show on the record the character of the wound ; and, that it charges the offence in general terms not warranted by the nature of the offence.

The information it will be observed, pursues the language of the statute, and it is a general rule, that in a statutory offence it is sufficient to follow the words of the statute.

It is, therefore, incumbent upon the defendant, to show some reason why the offence should be charged in a different manner under this statute.

It is said the wound should be described with greater particularity. If the wound be inflicted with a dangerous weapon, the penalty of the statute is incurred, whether the wound be severe or slight. The object of the law is to prevent the use of dangerous weapons. If the wound be inflicted with an instrument (not technically a dangerous weapon), but with an intent to kill, the criminal intent aggravates the character of the injury and the penalty of the statute is incurred

without reference to the depth of the wound or the part of the body upon which it is inflicted. It is sufficient that it is a wound less than mayhem, and was inflicted with a dangerous weapon, or with an intent to kill. See 1 B. & P. 186.

But it is said if the offence is charged in this general manner, it will not be a bar to a subsequent indictment for an assault or an assault with a dangerous weapon upon the same facts.

The test whether the plea of *autrefois acquit* is a sufficient bar in any particular case, is whether the evidence necessary to support the second indictment, would have been sufficient to have procured a legal conviction upon the first. Archbold, fourth ed. p. 82. 1 Bishop C. Law, No. 681.

The testimony which supported this indictment would have been sufficient, had the indictment been for a simple assault or assault and battery generally, or an assault with a dangerous weapon, and according to the rule an acquittal on one could be pleaded in bar of the other, whether the second indictment was for the more or less aggravated offence. See Act, 1855, p. 173, sec. 9. *State* v. *Munce*, 12 An. 625. 6 An. 289.

It is not necessary in an indictment for murder to set out the manner in which, or the means by which the death of the deceased was caused, no more ought it to be required to describe the nature of the wound inflicted under a statute creating an offence so much inferior in its grade. Acts 1855, p. 172, sec. 2.

Judgment affirmed.