## No. 10,189.

STATE EX REL. J. A. SHAKESPEARE, MAYOR, ET AL. VS. JUDGE CIVIL DISTRICT COURT, DIVISION E.

An application for a prohibition, asked to issue to a court which is charged with usurpation of jurisdiction, or exceeding its powers, will not be entertained unless an exception has been made to its jurisdiction and has been overruled.

*Mandamus* does not lie to compel a suspensive appeal from an order *in limine*, granting an injunction, unless after exhaustion of adequate means to dissolve and the act enjoined, if committed, would cause irreparable injury.

| 40 | 607 |
| 46 | 176 |
| 40 | 607 |
| 47 | 1601 |
| 40 | 607 |
| 48 | 1449 |
| 40 | 607 |
| 104 | 305 |
| 40 | 607 |
| 105 | 376 |
| 40 | 607 |
| f120 | 376 |
| 40 | 607 |
| 122 | 86 |

APPLICATION for Prohibition and Mandamus.

*Carleton Hunt*, City Attorney, for the Relator:

Cites the following authorities: Art. C. P. 846; State ex rel. Logan vs. Third District Court of New Orlean, 16 Ann. 186; State ex rel. Michaud vs. Judge Fourth District Court, 20 Ann. 239; Act 18 of 1886, State ex rel. Walker vs. Judge, 39 Ann. 136; Livessey's case, 34 Ann. 741; 39 Ann. 540; R. R. Co. vs. Mayor and Council, 39 Ann. 131; Marrero vs. Barker, 23 Ann. 302; Art. 566, C. P.; 14 Ann. 59; 16 Ann. 396; Broussard vs. Judge, 39 Ann. 225.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a prohibition and for a *mandamus,* coupled with a prayer for a *certiorari,* for the transmission to this Court of the proceedings below.

The complaint is that the district judge has usurped jurisdiction in issuing against the relator and his executive subordinates an injunction to prevent him from executing Act No. 18 of 1886, known as the "Sunday law," at a public entertainment proposed to be had on Sunday, the 20th of May, instant, at the "*Fair Grounds,*" in this city ; that relator moved to set the injunction aside on the ground that the court had no jurisdiction *ratione materiæ* to entertain the application on which the writ was allowed ; that said motion was denied hearing, and the injunction remains in full force and effect.

The relator further charges that he applied for a suspensive appeal from the order of injunction, and that the same was denied.

Hence, the relator prays that the district judge be prohibited from taking cognizance of the case, and in the alternative, that a *mandamus* issue to him to grant the appeal asked.

The district judge makes return to justify his action in the premises.

It appears that, before granting the injunction complained of, the district judge caused a rule to be taken, by the parties asking it, on the defendants in the case, the Mayor et als., to show cause why the injunction should not be granted ; that the Mayor made a written answer, in which it is not charged that the court had no jurisdiction ; that after hearing, the court, for reasons assigned, granted the order prayed for, and that under it the writ issued.

It also appears after this was done, the defendant took a rule to dissolve the injunction on the ground of want of jurisdiction *ratione materiæ,* asking that the matter be submitted and determined at once.

The district judge declined taking immediate action, and made the rule returnable on the 13th, three days after the application for relief, now under consideration, had been filed here.

When the present application was argued and submitted, the objection to the jurisdiction had not been acted upon.   It is established by the jurisprudence of this Court that no application for a prohibition can be entertained until after a plea to the jurisdiction of the lower court has been urged and overruled.

The cases in which this has been held are so numerous that it would be cumbersome to enumerate them all.   V. 29 Ann. 306; 37 Ann. 845 ; 38 Ann. 569, 920.

## I.

The next question to be considered is : Whether a *mandamus* lies to compel a judge to grant a suspensive appeal from an order made by him *in limine* directing the writ to issue.

There is no doubt that such appeal lies, in an appealable case, from any interlocutory decree therein rendered, the execution of which may cause the party affected thereby an irreparable injury ; but we were not informed of any case in which it has been held that an order *in limine,* granting an injunction, belongs to that class of decrees. On the contrary, it has been pointedly held that the suspensive appeal will not lie directly from such an order, at least, without clear showing that such decree must of itself work an irreparable injury. State ex rel. Doullut vs. Judge, 29 Ann. 869.

It must be admitted that an appeal on the merits of the case would afford no adequate remedy, as the controversy can be decided only after the 20th of May shall have passed ; but it is apparent that the complainant has not exhausted his opportunities for prompter relief in the lower court.

He was entitled to move for the dissolution of the injunction, and he has actually made a motion to that effect which was pending and undetermined in the lower court when he applied for relief here.

*Non constat* that the district judge has not, or will not, on hearing, dissolve the injunction, and thus leave relator without any ground of complaint.

We cannot, under such circumstances, listen to the premature appeal to our supervisory jurisdiction.

It is, therefore, ordered and decreed that the application herein be dismissed, with costs.