No. 10,991.

THE STATE EX REL. PAUL A. MARCHAND vs. JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, DIVISION A.

Prohibition will not issue, on a charge of usurpation of jurisdiction, unless a plea was filed and improperly overruled to such jurisdiction, and when, outside of the matter of *form* in which it was exercised, the court was competent to render the judgment complained of.

An omission to allot a *civil* case, in the Civil District Court for the parish of Orleans, is not an absolute nullity. The allotment may be formally or tacitly waived, or abandoned. After this has been done, the failure can not be made a ground of complaint. It has been held otherwise, in a *criminal* case.

This court will not supply a refused injunction, unless in a very clear case, where it was declined by a judge who has *no* discretion to deny it, and who is bound by law to allow it.

*Certiorari* does not lie to ascertain the intrinsic correctness of proceedings: It lies sometimes to test the jurisdiction and usually ascertain the validity of proceedings in point of form. It does not lie where the proceedings, if irregular, have been ratified, and where a court has the inherent competency to do the act complained of and has performed it without objection.

State ex rel. Marchand vs. Judge.

# A PPLICATION for Prohibition.

*Ker & Duvigneaud* and *H. E. Upton* for the Relator:

1. Where the *mortuaria* proceedings in a succession show a full and complete administration, closing with putting in possession the widow and heirs of the deceased, the proceedings can not be reopened and another administration inaugurated In such cases the probate jurisdiction determines and can be no more revived. 35 An. 314. A prohibition lies to prevent such a course. 22 An. 81; 28 An. 446; 29 An. 837.; 25 An. 225, 335; 28 An. 367; 30 An. 93; 34 An. 31; 35 An. 314.

2. A prohibition can issue in any case, whether appealable or not, at the discretion of the court, to arrest a judicial usurpation of authority. 33 An. 1426 and 1427; 42 An. 72; 33 An. 1285, 1359; 40 An. 1, 20, 393; 34 An. 758.

3. A court which has no jurisdiction over a cause *ratione materiæ* exceeds the bounds of its authority when it issues therein an injunction. 37 An. 605.

4. Where the heirs have been recognized as such, and put in possession, they should be sued before a court of ordinary jurisdiction, even if they be minors. 27 An. 686; 28 An. 875; 30 An. 139; C. P. 906; 25 An. 125, 335; 28 An. 446; 24 An. 114.

5. *Certiorari* issues only to test the validity of proceedings, to pass upon questions of form, and not of substance. 37 An. 127, State ex rel. Race vs. Judges.

6. The objection that the supervisory power of the Supreme Court can not be exercised in appealable cases is obsolete, and has become a legal nuisance. 40 An. 20, 393.

7. Consent can not give jurisdiction when wanting *ratione materiæ*. The court is bound *ex officio* to notice it. 2 La. 226; C. P. 93; C. P. 606; 1 N. S. 200, 703; 3 N. S. 136; 14 La. 177; 6 R. 365; 11 R. 77; 12 An. 859.

8. The instant cause should have been regularly allotted under Art. 130 of the State Constitution. 33 An. 1426, *et seq.*

*B. R. Forman* for the Respondent:

1. Relator has no interest in the matter.

2. No objection having been made to the jurisdiction of Judge Ellis to hear and determine the question, he was competent to decide and to appoint a liquidator. Buisson vs. Lazarus, 33 An. 1425; Pironi vs. Riley, 39 An. 302.

3. A petition by a surviving partner to settle a partnership and appoint a liquidator thereof, which has been dissolved by the death of one of the partners, is properly filed and docketed in the succession record, and the division of the court to which the succession is allotted has jurisdiction to appoint a liquidator of such partnership. Constitution, Art. 130. Rules Civil District Court, Sec. 10, Rule VI. C. P. Art. 164, Sec. 4, and Art. 1022. Succession Harvey (not reported).

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a prohibition coupled with a prayer for a *certiorari*.

The relator complains that the District Judge has usurped jurisdiction in the matter of the succession of Ernest Marchand, by appointing, *after* the succession had been closed, one DeBlois liquidator of the partnership alleged to have existed between him and the deceased, and by ordering, at his instance, the sale of property to pay the debts of the concern.

The relator avers that he was a partner of Ernest Marchand, was appointed administrator of his estate; that his widow and heirs have been recognized and put in possession of the property left by him; that if DeBlois was entitled to be appointed liquidator he should have brought proper proceedings outside of the *mortuaria* and had the matter allotted, under the law, to one of the divisions of the Civil District Court, which was not done; that the appointment made *in* the *mortuaria* is a nullity which carries with it that of the order of sale.

The District Judge returns, that the matter of the appointment of DeBlois was one growing out of the succession proceedings, which, under the rules of the Civil District Court, did not require any allotment; that the proceedings were carried on contradictorily with all. the parties concerned, who were cited, and appeared without declining to the jurisdiction; that, after hearing, a judgment was rendered on August 5, 1891, which was signed after the overruling of a motion for a new trial, making the appointment of the liquidator, from which *no appeal* has been taken.

The District Judge further urges that the relator has no interest,. as he avers that he is the discharged administrator of the succession of Ernest Marchand.

It is unnecessary to decide whether the appointment of a liquidator was or not properly made. It is a question which can not be raised and determined on *this* application for a prohibition.

It is manifest that the Civil District Court for the Parish of Orleans had jurisdiction over such a matter, and that if in exercising its powers, it has erred, the remedy is not by a resort to this court, under the provisions of Art. 90 of the Constitution, but by an appeal, this being one, in which it can be obtained.

It does not appear affirmatively that the relator, in the proceedings for the appointment of a liquidator, ever excepted to the jurisdiction of the judge, and it is the settled jurisprudence of this court

State ex rel. Marchand vs. Judge.

that prohibition will not issue, UNLESS it appears that the jurisdiction was pleaded to and the plea was overruled. The relator has not appealed from the judgment and can not substitute the application for a prohibition, to an appeal.

The functions of the two remedies are glaringly different.

The omission to allot a *civil* case is not an absolute nullity. The allotment may be formally or tacitly waived and abandoned; and after this is done, the door for a complaint that it did not take place is effectually closed. This court has held differently in a *criminal* case. Hale vs. Adotto, 34 An. 1.

The failure of the relator to complain of the absence of an allotment, either by exception, seasonably set up, or otherwise, prevents him from pressing that irregularity here if it be a factor in this matter.

The respondent urges besides that the relator is without interest, as he avers that he was discharged as administrator of the succession of E. Marchand; but the relator does not claim that in that capacity, or as an heir, or otherwise, that *he* is interested in the *succession*. He assumes the attitude, in his petition, of a copartner, and complains that a liquidator was illegally appointed to take charge of the partnership in which *he* is concerned as a member.

The relator complains of the order of sale granted at the instance of DeBlois as liquidator.

It may be said that if this order is illegal the relator should have set forth its illegality and sought an injunction in the lower court, and that if that tribunal had jurisdiction to make the appointment of one to liquidate the partnership, it surely had the power of ordering the sale of its assets to discharge its liabilities.

It does not appear that he has sought relief in that form below, and he can not be allowed to invoke the powers of supervision of this court in the present form, to supply that omission.

This sort of provisional relief should not emanate from this court, *unless* in very clear cases, in which a District Court has arbitrarily declined to grant it, in one of the instances in which, upon proper and full averments, the law leaves no *discretion to such court*, but dictates the granting of the remedy, and where injury would evidently be sustained.

13*

The relator has also applied for a *certiorari*.

It is unnecessary to give this application any extended attention.

The writ issues sometimes to test a *jurisdiction*, and usually to ascertain, not the intrinsic correctness of the proceedings, but their intrinsic validity in point of *form*.

These questions have been considered. We have determined that if the allotment was irregular, the irregularity has been acquiesced in and ratified, and that the Civil District Court had jurisdiction and was competent to do the acts complained of, in the absence of any objection to the exercise of its powers in that respect, in the form in which it did.

It is therefore decreed that the preliminary orders herein made be annulled, and that this application for a prohibition and a *certiorari* be refused.