## No. 12,582.

STATE OF LOUISIANA EX REL. HIBERNIA NATIONAL BANK VS. THE JUDGES OF THE COURT OF APPEALS FIRST CIRCUIT.

ON APPLICATION FOR A WRIT OF CERTIORARI.

Judgment was rendered on appeal by the Court of Appeals. No question of jurisdiction in the pleading or in argument was raised. Want of jurisdiction was suggested the first time on application for rehearing, which was overruled.

Under *certiorari* or prohibition this court can correct proceedings in progress, but after the proceedings are ended writs go to the execution of the judgments. C. P. 847, 853; 5 R. 27.

ON APPLICATION for Writ of *Certiorari*.

---

*John A. Richardson* for Relator.

---

Respondent Judges for themselves.

Submitted on briefs November 29, 1897.
Opinion handed down December 13, 1897.
Rehearing refused. January 24, 1898.

The opinion of the court was delivered by

BREAUX, J. This is an application for a writ of *certiorari* to annul and have declared void a judgment of the Court of Appeals on the ground that the court was without jurisdiction *ratione materiæ*.

The facts are that a suit was brought in the District Court for the parish of Claiborne by a judgment creditor of T. J. Caldwell for a decree annulling a mortgage for seven thousand dollars on the ground of simulation and fraud. There was, it appears, a note for the amount identified with the act of mortgage.

The transferees and holders of the mortgage, about the time that suit was brought for its annulment, proceeded to foreclose the mortgage.

The suit in the District Court terminated in favor of the holders of the note and mortgage.

On appeal to the Court of Appeals the judgment was annulled and avoided and the court decreed that the mortgage and the note identified with it, as above stated, were null and void.

It appears that the relator here and the appellee in the Court of Appeals pleaded his cause in the Court of Appeals, yet made no suggestion of want of jurisdiction of that court at any time prior to judgment.

On application for rehearing only; the appellee, whose judgment had been reversed, suggested the want of jurisdiction of the court to decide the case. The application for a rehearing was overruled. The appellee then applied to this court for writ of *certiorari*, alleging that the Court of Appeals have declared a contract amounting to seven thousand dollars, simulated.

Respondents set forth in their answer to relator's petition for the writ as follows:

" A consideration of the pleadings and the record will disclose the fact that both plaintiff and defendant, as well as respondents, treated and considered the case as a revocatory action."

Be this as it may, the fact remains that no motion to dismiss the

appeal for want of jurisdiction, and no suggestion to that end prior to the judgment of the Court of Appeals was made.

Unquestionably, the Circuit Court of Appeals had jurisdiction to annul the mortgage for seven thousand dollars, so far as it affected the complaining creditor, whose demand was for less than two thousand dollars.

In a revocatory action the test of jurisdiction is the amount claimed, save in case which does not here apply. Ex rel. Newman vs. Judge, recently decided.

In an action *de simulation* the value of the property involved is the test. Katz & Barnett vs. Gill, 43 An. 1041; C. C. 1977, Livingstone vs. Hardie Bros., 41 An. 312; Loeb & Bloom vs. Arent, 33 An. 1086; State *ex rel.* Zuberbier & Behan vs. Judge, 34 An. 1215.

Manifestly the Court of Appeals had no jurisdiction to annul the transfer of the note of seven thousand dollars by the holders (Flower, Putnam & King) to the bank. The transfer might well be good, although the mortgage is not one that can be executed.

The nullity of the transfer [of the note was not an incident to annulling the mortgage.

Despite the situation of affairs in the course of this litigation, we are not authorized under our laws to reverse the action of the Circuit Court of Appeals and annul the judgment—that is, write another judgment.

The writ will not issue to the end of reviewing matters which might have been, but were not, raised in the court below.

Under the writs of *certiorari* or prohibition we can correct proceedings for lack of jurisdiction while the proceedings are in progress, and we can correct execution of void judgment. But after the judicial proceedings are ended our writs go only to the execution of the judgment. C. P. 847, 853; Clark vs. Rosenda, 5 Rob. 27.

The nullity invoked by relator is that the court had no jurisdiction to decree that the mortgage was void. If that be so, then the relator at this stage of affairs must seek other modes of relief for protection against the judgment void for want of jurisdiction.

It is ordered and adjudged that the preliminary writ be set aside and that the relief prayed for by relator be refused at their costs.

MILLER, J., recused on account of relationship.