PROVOSTY, J.
The relator, a sergeant on the police force of the city of New Orleans, was tried by the board of police commissioners, and dismissed from the force. He moved for a new trial, and upon the refusal of it applied to the courts for relief. His grounds were numerous. Passing finally on the case, this court said:
“We find nothing in the proceedings on the trial prior to the board’s final vote to call for any action on our part, but when we reach that point we do find illegality. Finding the sentence illegal, we have to set it aside, with the necessary result of ordering the reinstatement of the relator. We do not undertake to set aside anything back of the sentence. We do not undertake to give any directions to the board as to what course it pursue after the reinstatement. Whether it have the right to take matters up where the final vote or sentence which has been set aside found them, or whether they will be forced, if they desire to proceed, to proceed de novo, are matters which they must themselves decide.”
Acting upon that decision, the police board decided to “take up matters where the final vote or sentence which had been- set aside found them,” and proceeded to find the relator guilty, and to dismiss him.
Thereupon the relator, without having applied to the board for a new trial, filed the present suit praying for a mandamus to the board requiring them to set aside the trial and sentence and reinstate the relator.
His first and second grounds of complaint are that the board denied him the benefit of counsel, and in fact even denied him the right to file a written plea, or statement, or document, before proceeding to pass upon his guilt or innocence.
The facts in that connection are that at the meeting of the board of February 3d the question of the proper mode of proceeding in disposing of relator’s case under the decision of this court was discussed in extenso, 'the relator’s counsel being permitted to participate in the discussion; but that at that meeting the matter was not put to a vote; that it was -voted on and decided at the meeting of March 11th, in the absence of relator and his counsel, and the case was assigned for the next regular meeting of the board, and directions given for the relator to be notified to be present; that in pursuance of this assignment the case was about to be proceeded with at the meeting of March 25th, when the relator’s counsel asked to be heard, and was refused, and asked to file the document in question, and was again refused, and relator himself asked to file the document and was in turn refused; and the board proceeded immediately to pass upon the question of the guilt or innocence of the relator, and then upon the question of his dismissal.
Under these facts the question is whether relator was deprived of any substantial right by the refusal to hear him or his counsel. 1-Ie was, or not, in our opinion, accordingly as the board had, or not, the right to proceed with the case from the point at which they took it up. If they had such right, the relator had no right to be heard, for the case had then been fully tried, and the relator had had all the hearing he was entitled to, and the time had come for the tribunal to proceed to judgment. In every judicial or quasi judicial proceeding a time comes when debate must cease, and the tribunal be permitted to proceed to judgment. Whether in this particular case that stage of the proceedings had been reached when relator was denied a hearing is another question. And the decision of *427 that question involves the consideration of the other grounds of complaint of the relator. These are stated in the brief, as follows:
“(3) That the board, as constituted, could not, without hearing evidence, pass on his innocence or guilt, for the reason that the testimony of the witnesses was not reduced to writing; and two members, to whose judgment relator was entitled, being appointed since his trial, October 3, 1900, could not take part, though present, knowing nothing of the case.
“(4) The charges as formulated do not comply with the law or regulations of the police board.
“That on such specifications he was unable to meet the charge and produce witnesses to refute it.
“(5) That your relator had been informed, and, believing charges, that certain members of said board consulted and discussed separate and apart from their fellow members, out of any regular or called meeting of said board, what verdict should be rendered against him, to his injury and prejudice.
“(6) That there was nothing in the decree of the Supreme Court to authorize such a verdict and sentence, and that the powers of said board ceased after relator was reinstated.”
We proceed to consider these grounds in iregular order.
Third. The contention is that relator was ¡entitled to have all the members of the board ¡hear the evidence in and deliberate upon his case, and that two of the members were new members, who had not heard the evidence.
We do not agree with that view. It suffices always that a quorum of a board should be present, and that a majority of the quorum concur. 2 Kent, 293; Dill. Mun. Corp. § 278. See, also, Warnock v. City of Lafayette, 4 La. Ann. 419; Rushville Gas Co. v. Rushville (Ind.) 23 N. E. 72, 6 L. R. A. 315, 16 Am. St. Rep. 388; Wheeler v. Com., 98 Ky. 59, 32 S. W. 259; McDermott v. Kenny, 45 N. J. Law, 251; Cadmus v. Fair, 47 N. J. Law, 208; Barnert v. City of Patterson, 48 N. J. Law, 395, 6 Atl. 15; Cent. Dig. vol. 36, p. 198 et seq. The police board is composed of nine members, of whom five constitute a quorum. Act No. 83 of 1898, p. 108. There were present at the meeting eight members, of whom six were taking part in the proceedings and two were not. Of the six participating, four voted in favor of conviction and two against. There was therefore a quorum, and a concurrence of a majority of a quorum. That two members of the board, who had not heard the evidence, did not take part, can make no difference, since there was a quorum without them. The whole question must be whether the meeting was regularly organized to transact the business of the board; and that'it was there can be no- question, since there were present and participating six members, one more than required by the statute for a quorum.
Fourth. Relator seeks here to raise ques-. tions that were finally passed on in the former suit. On that appeal the court said:
“We find nothing in the proceedings of the trial prior to the board’s final vote to call for any action on our part.”
Fifth. This ground is not pressed, and, besides, has no merit.
Sixth. All that was done on the former appeal to this court was to annul the proceedings of the board from and after the point where irregularity began. All anterior proceedings were left unaffected. The board having once heard the evidence and tried the relator, there was no need to go over the same ground again. The board is a permanent tribunal, which can hear the evidence at one time and act upon it later. In that respect it is unlike a jury, which ceases to exist as an organization as soon as it has fulfilled the special purpose of its assembling.
We find no irregularity in 'the proceedings against relator.
But there is a paramount reason why this application for mandamus cannot be entertained. Relator did not exhaust his legal remedies before the board. He should have applied for a new trial, and urged the grounds which he is now urging, viz., refusal to hear him or his counsel; illegal constitution of the board, because of two members not having heard the evidence; necessity of trying the case de novo. Non constat that a *429 new trial would not have been granted him had he urged these grounds. The grounds had to be submitted to the judgment of the police board on motion for a new trial before they could be submitted to another tribunal as ground for mandamus. High, Ex. Leg. Rem. (2d Ed.) p. 22; State v. Judge of Fifth Dist. Ct., 29 La. Ann. 806; Succession of Whipple, 2 La. Ann. 236; State v. Judges of Court of Appeals, 37 La. Ann. 845; State v. Steele, 38 La. Ann. 569; State v. Henry, 41 La. Ann. 908, 6 South. 807; State v. Judge of Second Recorder's Court, 43 La. Ann. 1119, 10 South. 179; State v. Judge, 44 La. Ann. 193, 10 South. 708; State v. Judge, 44 La. Ann. 1093, 11 South. 872; State v. Judge, 46 La. Ann. 163, 15 South. 283; McCabe v. Board, 107 La. 167, 31 South. 662.
Judgment affirmed.