BREAUX, C. J.
Relator sued for a mandamus in the district court to be directed to E. S. Whitaker, Inspector of Police, the may- or, and the Board of Police Commissioners, to compel them to restore him to the office of sergeant of police, and to compel them to set aside all proceedings connected with his removal.
In his petition for a mandamus, relator, as one of • his main grounds, in substance, alleged that the Inspector of Police and the board of Police Commissioners acted without authority. Their authority was questioned because relator was compelled to appear before them and defend himself against charges-of improper conduct and corruption in office..
The charges were in the first place heard' by the Inspector of Police contradictorily with the relator. I-Ie (relator) was removed by the inspector. From the order of removal he-appealed to the Board of Police Commissioners, authorized by law to hear appeals denovo from the decision of the inspector.
On the appeal before mentioned he appeared before the board, answered, and asked to-be reinstated.
Returning to the inspector, we will state-that relator’s position was that he had the-right to suspend a member of the police-force, but had no right to remove him. This-was urged before the Board of Commissioners also, and the relator further urged before-the Board of Commissioners that it was-organized for the purpose.of trying offenseseommitted since the promulgation and adoption of the statute, and not to try offenses committed before the adoption of the statute. It was also charged that the offense was committed before the statute was adopted.
The first question, in the order the issues suggest themselves to us, is whether the relator should have moved for a new trial after he had been dismissed by the Board of Commissioners.
It appears that he did not move for a new trial.
In several decisions it has been held as a rule safe to follow that the complaining *940 party should pursue his defense to the uttermost limit of a new trial.
We believe that under the decisions in question the objections urged are fatal to defendant’s application for a mandamus.
Our learned brother of the district court prepared an opinion with painstaking care, from which we excerpt the following:
“It being a fact that relator did not apply to the board of Police Commissioners for a new trial, there is an end of his case, and his demand must be dismissed, for the doctrine is now consecrated by jurisprudence that the acts and judgments of a quasi judicial tribunal, like the said board, will not be reviewed by means of the extraordinary writ of mandamus, unless the relator has_ availed himself of all the remedies before said tribunal.” State ex rel. Aucoin v. Police Board, 113 La. 426, 37 South. 16; State ex rel. Klotter v. Police Board, 51 La. Ann. 747, 25 South. 637; State ex rel. McCabe v. Police Board, 107 La. 167, 31 South. 662.
For good reasons stated, the court a qua considered the other grounds upon which relator had based his demand, and for the same reasons, being in the main that the issues were of importance in local administration, we also have considered the said grounds.
The next question is whether the inspector of police has the authority, under Act No. 32, p. 43, of 1904, to dismiss a member of the police force. The question is substantially jurisdictional.
The contention of the relator on this point is that, under Act No. 32, p. 43, of 1904, the power conferred must be expressed; that it is not expressed.
In this respect relator is in error, for the statute conferred upon the inspector the power to fine, suspend, or remove any officer of the police force, “except the superintendent,” on written charges, duly sustained. He is specially authorized to investigate and determine whether he should fine, suspend, and, as we understand, whether he should remove an officer. The word “determine” of the statute, taken together with the word “remove” in another section of the same act, cannot be very well construed to mean less than is-positively expressed. It is not because in one' section the authority of the inspector is limited to a fine or a suspension or a forfeiture of’ pay that it is not enlarged in another section, which relates to his authority to remove.
These sections must be construed in connection with each other, and the authority which is not given in one section may be' conferred in another.
“The omission from paragraph 2, p. 52, of the. statute of 1904,” we quote from the opinion of the district court, with which we agree, “is not suggestive of the purpose of the Legislature to limit the Inspector’s authority to the powers-therein enumerated, of reprimanding or fining. That provision of the statute must be read in connection with the provision last quoted, which includes the power of removal, and is indicative of the full legislative intent on the subject.”
But let us concede that the inspector did not have the authority to remove the relator,it nonetheless remains that, after the inspect- or had dismissed him, he (the relator) brought his suit before the Board of Commissioners on-appeal. We have seen that this board has original jurisdiction. It considered the charges brought before the Inspector of Police' and charges brought by another complainant directly before the board, and, after having fully heard these charges and the defense of’ the relator, again the relator was removed.
The removed officer had no ground of complaint, even if the Inspector was without jurisdiction, for he had a second opportunity' to defend himself before a board of competent jurisdiction.
But relator urges another ground, to wit, that the charge brought against him before these boards was for an offense alleged to' have been committed before the date that-Statute No. 32, p. 43, of 1904, went into effect.-
In order to have the dates before us, we’ will state that in July, 1905, an affidavit was made against relator by Frank Kenner, charging the relator with improper conduct in October, 1903, and about the same time Vig *952 ■ers brought charges against him for other asserted wrongful conduct.
It will be seen from the foregoing that both •of the alleged charges preceded in date the date of the statute of 1904.
The contention of the relator is, through his able counsel, that Act No. 32, p. 43, of 1904, is original in its nature. It did not amend the act of 1888 nor 1886; but repealed all prior acts on the same subject-matter. From which, as stated by him, counsel deduced that relator had ceased to be an officer of police, had gone out of office, and that, when he was employed under a new law, it was a new tenure of office, and he was relieved from all possible charges growing •out of prior conduct.
We have not found it possible to agree with learned counsel. We do not think that there was a stop between the old and the new law, during which the relator is not to be considered as having been on the police force. But there was an unbroken, continuative service by relator.
There never was an absolute repeal of the old law, as contended by relator’s counsel, cutting off relator from all service on the police force. On the contrary, the statute provided for the reappointment of relator to the same position he held under the old law, and provided that the commission should show the date of his original appointment, and that he was retained on the police force as holding over under the terms of the statute.
The following is pertinent to the issue.
The able judge of the district court, from whose opinion we have quoted, supra, for the purpose of illustration, gave expression to relator’s position by quoting him as saying:
“I was not continuously in office, and there was an interregnum in my case. Act No. 32, p. 43, of 1904, went into effect on July 16, 1904. On that day Act No. 63, p. 64, of 1888, ceased to exist, and my tenure of office expired. Yet it was not until September 14, 1904, that I was reappointed on the police force. So well was it understood that this was the beginning of a new tenure that I was required to give bond and qualify as though I had never been on the force. True, I continued to act as sergeant of police until my reappointment, but that was without special warrant of law, and because there was no one else to take my place.”
The direction of section 3 of Act No. 32, p. 46, of 1904, afforded a complete answer to the foregoing, the learned judge, in substance, said. In thus holding we are of opinion that he did not err.
The relator complains of the charges and specifications as not sufficiently indicative of the offense, also as not being sufficiently definite as to date.
It is well settled that these charges and specifications need not be drawn with the precision of an indictment.
Nothing in the proceedings leads us to infer that the relator was in the least taken by surprise, or that he was made to answer for an offense which had not been sufficiently set forth to let him know in what consisted the accusation.
We do not think that he is entitled to relief on this score.
For reasons assigned, it is ordered, adjudged, and decreed that the judgment is affirmed.