(44 South. 283.)

No. 16,506.

STATE ex rel. JOURNEE v. BOARD OF COM'RS OF POLICE DEPT. CITY OF NEW ORLEANS.

(June 17, 1907. Rehearing Denied June 28, 1907.)

1. MANDAMUS—WHEN GRANTED.

Mandamus will not lie where the relator has neglected to apply for a new trial before the board of police. State ex rel. Aucoin v. Board of Police, 37 South. 16, 113 La. 424; Perez v. Whitaker et al., 41 South. 218, 116 La. 947.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 9.]

2. MUNICIPAL CORPORATIONS—POLICE COMMISSIONERS—NEW TRIALS.

The board of police has the power to grant new trials. Klotter v. Police Board, 25 South. 631, 51 La. Ann. 747; State ex rel. McCabe v. Police Board, 31 South. 662, 107 La. 162.

3. MANDAMUS—WHEN GRANTED.

Mandamus is not the remedy to annul a judgment on the ground of conspiracy and fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 38, 102–107.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Application by the state, on the relation of John Journee for a writ of mandamus to the board of commissioners of the police department of the city of New Orleans. From an order refusing the writ, relator appeals. Affirmed.

See 39 South. 842, 115 La. 684.

Lazarus, Michel & Lazarus and Adams & Otero, for appellant. Samuel Louis Gilmore, City Atty., for appellee.

LAND, J. The petition herein is for a mandamus to compel the defendant board to rescind, vacate, annul, and set aside an order or judgment entered by said board, on June 2, 1905, dismissing the relator from the office of inspector of police of the city of New Orleans, and to restore relator to said position and to the office and functions exercised by him, with all the rights, privileges, and emoluments attached thereto.

The petition alleges substantially: That the relator was elected inspector of police during good behavior by said board of commissioners, under Act No. 32, p. 43, of 1904, and was duly commissioned and qualified on January 10, 1905.

That relator, at all times during his incumbency of said office, faithfully discharged the duties of the same to the best of his ability, and with proper regard to the public interests.

That there was an organized conspiracy between the three members of the said board and divers officials and other persons to compel relator to resign his office, and inducements were offered, and threats of removal from office made, to compel his resignation, in order that one Edward S. Whitaker might be elected inspector of police.

That, on relator's refusal to resign, the mayor preferred charges of incompetency against relator, general in terms, without specification as to time and place, and issued an order suspending relator from the office

of inspector of police. That notice of said charge was served on relator, who thereupon requested in writing the board of commissioners that the same be detailed and made more specific in order to place relator upon his guard, and to advise him of the acts of incompetency intended to be charged.

That relator's request was refused, and the case was called for trial, whereupon relator moved in writing that he be permitted to have the benefit of counsel in his defense, which said request was also refused.

That relator moved the recusation of the mayor on the ground of bias and prejudice, but did not move the recusation of the other two members because the relator was not at that time advised of the alleged conspiracy. That the motion for recusation was refused, and the mayor declined to recuse himself.

That the evidence adduced on the trial wholly failed to sustain the general charge preferred against relator, and that none of the acts proved, if true, related to the administration of the duties of the office of inspector from the date of relator's commission, to wit, January 10, 1905, to the date of his suspension, May 25, 1905.

That all of said evidence, together with all the proceedings had before said board, are annexed to and made part of relator's petition.

That, after the hearing of the testimony in support of the charges, the relator renewed his protest against their insufficiency and indefiniteness, and made application for a reasonable time within which to summon witnesses and to make such proof as in his opinion was necessary to overcome the testimony adduced. That said request was refused, and relator protested as he had done throughout the whole proceedings, as shown by the record.

That the said board thereupon at once proceeded to take action on said charges by adopting a resolution declaring relator guilty as charged, and dismissing him from office.

That said board, after a brief adjournment, reconvened, and, pursuant to said conspiracy, selected Edward S. Whitaker as inspector of police in the place of relator, and that the said Whitaker is now in the active discharge of the duties of said office.

The return of the three respondents, made under oath, consists of a number of exceptions, followed by a general and special denial of the truth of the charges contained in the petition. The first ground of exception is that the petition fails to disclose that, after conviction and sentence, the relator made any application to the respondent board for a new trial.

When the cause was taken up for trial, the counsel for respondent objected to all evidence on behalf of relator on the grounds set forth in the exceptions embodied in their return. The first was that the relator did not move for a new trial. The second was that mandamus will not lie to restore to office a person who has been removed therefrom or to remove an incumbent from office. The third was that the allegations of the petition disclosed no cause of action.

The first objection and exception was sustained and the suit dismissed. Relator has appealed.

The petition does not allege that the relator moved for a new trial or was prevented from so doing.

In Klotter v. Police Board of the City of New Orleans, 51 La. Ann. 747, 25 South. 637, this court held that the board had the power to grant new trials, although no such special authority was conferred on it by Act No. 63, p. 64, of 1888, the statute of its creation. In State ex rel. McCabe v. Police Board, 107 La. 162, 31 South. 662, the court said:

"The neglect of the relator to avail himself of his ordinary legal remedy of new trial might itself be held fatal to the present application for mandamus. High, Ex. Legal Rem. (2d Ed.) p. 22."

In State ex rel. Aucoin v. Board of Police, 113 La. 424, 37 South. 16, the court said:

"But there is a paramount reason why this application for a mandamus cannot be entertained. Relator did not exhaust his legal remedies before the board. He should have applied for a new trial, and urged the grounds which he is now urging."

In State ex rel. Perez v. Whitaker et al., 116 La. 947, 41 South. 218, the same doctrine was reaffirmed; and we may add that the question is now concluded by the principle of stare decisis. Under the express terms of the statute, the decision of the board is final, and hence is reviewable only by that body, which may, in the absence of positive legislation on the subject, grant new trials, as was held in the Klotter Case, supra.

The allegations of conspiracy cannot aid the relator, as it is not the province of the writ of mandamus to annul or vacate judgments on the ground of fraud.

Under the settled jurisprudence of this court, the judgment dismissing this suit must be affirmed and it is so ordered, at the cost of the relator.