LAND, J.
The plaintiff in the above-entitled cause obtained judgffitent against the defendant for $2,365.50, with legal interest from September 4, 1995, until paid, and all costs of suit. The defendant, after taking a suspensive appeal, which was dismissed, took a devolutive appeal from the judgment Defendant also instituted a suit to annul the judgment, on the ground that the court gave no reasons for its rendition, as required by the Constitution and laws of this state. In the same petition the defendant alleged illegality in the judgment in the allowance of interest, and that it had an equitable claim against the plaintiff for the use of wagons during the time for which judgment was given in his favor.
The judge ordered that writs of injunction issue as prayed for on the defendant furnishing bond in the sum of $1,500, conditioned according to law.
Whereupon the plaintiff instituted the present proceedings for relief under the supervisory jurisdiction of this court.
Relator represents: That on April 29, 1910, he obtained a judgment against the defendant in the civil district court, division B, reading as follows, to wit:
“This cause heretofore submitted to the court, the court, considering the law and the evidence, for the reasons this day orally assigned, it is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, George W. Long, and against defendant, Charles A. Kaufman Company, Limited, in the full sum of twenty-three hundred and sixty-five 00/ioo dollars, with legal interest from September 4, 1905, until' paid, and all costs of suit.”
That the defendant took a suspensive appeal from said' judgment -to the Supreme Court, but that said appeal was dismissed; and that relator, on October 19, 1910, instructed the clerk of the civil district court to issue a writ of fi. fa. to execute said judgment.
That defendant on the next morning wrongfully and tortiously sued out the injunction already mentioned, after taking a devolutive appeal from the judgment.
That the allegations on which said injunc *336 tion was obtained are on their face frivolous, impertinent, irrelevant, and untrue.
That the judgment shows that reasons therefor were orally assigned, and that ■ it was not necessary to recite the reasons in the judgment.
That the judgment is correct as to allowance of interest; but, were it otherwise, such error affords no grounds for an action of nullity.
That the petition for injunction recites no vices or defects for which an action of nullity will lie under the purview of the Code of Practice, and that such an action, coupled with an injunction, cannot be substituted for a suspensive appeal.
Relator prays that the judge below be prohibited from enforcing said injunction, and be 'ordered to perform the ministerial duty of executing the judgment of relator.
The respondent judge answers that he had jurisdiction in the premises, that the question of granting the preliminary injunction was a matter within his discretion, that relator’s remedy was by motion to dissolve the injunction, and that his appeal to the supervisory jurisdiction of the Supreme Court is premature. The respondent judge further answers that:
“The statement in the petition that a rule to dissolve would not avail the petition, because an appeal would lie from any judgment rendered thereon, is a matter to which your honors can give no concern at this time.”
The respondent judge cites Shakespeare, Mayor, et al. v. Judge, 40 La. Ann. 607, 4 South. 485, as applicable. In that case an injunction issued to prevent the execution of the “Sunday law,” and the relator moved to set aside the injunction on the ground that the court had no jurisdiction ratione materise to entertain the application on which the writ was allowed. This motion was denied hearing, and the relator thereupon applied for a suspensive appeal from the order of injunction, which was denied. The relator then applied to the Supreme Court for a prohibition against the judge taking cognizance of the case, and in the alternative for a mandamus to compel the granting of a suspensive appeal. Both writs were denied, on the ground that the relator had not exhausted his opportunities for prompter relief in the lower court.
The relator in this case has not moved for the dissolution of the injunction, but argues such dissolution would not avail him, because the plaintiff in injunction would be entitled to a suspensive appeal from the dissolving order.
Whether a suspensive appeal would lie in such a contingency need not now be considered. Before appealing to our extraordinary supervisory jurisdiction, the relator should have exhausted his remedies in the court below. Mere errors or mistakes of an inferior judge in the exercise of his jurisdiction in a pending suit furnish no basis for extraordinary relief.
It is therefore ordered that the application of relator be dismissed as in case of nonsuit.