(56 South. 357.)

No. 18,652.

LONG v. CHARLES A. KAUFMAN CO.,
Limited.

(Oct. 16, 1911.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 781*)—PAYMENT OF JUDGMENT—DISMISSAL.

Where an appeal has been taken to this court, and pending the appeal the judgment awarded by the lower court has been paid in capital and interest, this court will decide the case as if no payment has been made, where such decision is necessary to decide who shall be cast for the costs, even when the amount of costs involved is below the jurisdictional amount of this court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. § 781.*]

On the Merits.

2. INJUNCTION (§ 178*)—DISSOLUTION—BOND.

An injunction to prevent the execution of a judgment cannot be dissolved on bond.

Ordered, that judgment permitting defendant to bond the injunction be set aside, and that defendant in injunction pay the costs of that proceeding and this appeal.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 390; Dec. Dig. § 178.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by George W. Long against the Charles A. Kaufman Company, Limited. Judgment for defendant, and plaintiff appeals. Reversed.

See, also, 128 La. 767, 55 South. 348.

Solomon Wolff and Dinkelspiel, Hart & Davey, for appellant. A. A. Calongne, A. J. Peters, Woodville & Woodville, and James Wilkinson, for appellee.

On Motion to Dismiss.

BREAUX, C. J. The question involved relates to costs. The main suit between the parties, out of which the injunction proceedings were taken, has been finally decided, and amount paid.

The amount at issue for costs is about $50.

Long, a judgment creditor of Chas. A. Kaufman Company, Limited, sought to execute his judgment.

The Kaufman Company obtained an injunction.

Long applied to the Supreme Court for writs of certiorari, mandamus, and prohibition to compel the judge of the district court to set aside the injunction.

The application of relator, Long, for those writs was dismissed, on the ground that relator should have exhausted his remedies in the court below. 127 La. 333, 53 South. 583.

Thereafter Long, defendant in the injunction suit (plaintiff in the original suit), was allowed, over the objection of the Kaufman Company, to bond the injunction. Whereupon Kaufman Company, Limited, moved for a suspensive appeal, which the district court refused.

The Kaufman Company then applied to this court for writs of certiorari and mandamus.

The application was granted, and, on the hearing, the writs were made peremptory, and the lower court was directed to grant a suspensive appeal.

The decree was duly recorded below.

Whereupon an appeal was taken by the Kaufman Company, and it is now before this court.

After the suspensive appeal had been dismissed, the defendant perfected a devolutive appeal, and a decision was rendered thereon, disposing of the issues on the merits.

The opinion (128 La. 767, 55 South. 348) was handed down on the 8th day of last May, finally disposing of the issues.

We understand that this judgment is paid, but plaintiff avers that he reserved the right to claim 20 per cent. as statutory damages and 8 per cent. interest.

That issue is not before this court at all, being in the district court.

The question before this court is confined

to the issue growing out of a suspensive appeal from an order dissolving the injunction on bond. That one issue remains.

The defendant, the Chas. A. Kaufman Company, Limited, asks us to annul and set aside the order of the court under which the injunction was bonded by Long, and to condemn him, Long, to pay the costs of the proceeding of said last appeal, just referred to by us.

This court has already decided that the injunction could not legally be dissolved on bond; that the injury would be irreparable, if so dissolved. No. 18,551, 127 La. 764, 53 South. 984.

As before stated, all issues have been decided, save the one issue relating to costs.

The position of the Kaufman Company, Limited, is that it was obliged to take an appeal from the illegal order obtained by plaintiff.

While the contention of defendant, George W. Long, is that, as costs alone are claimed, this court will not exert jurisdiction to decide an issue that has passed out of the proceedings.

This plaintiff cites Succession of Dougart, 42 La. Ann. 516, 7 South. 794, and State ex rel. Romain v. Board of Supervisors, 49 La. Ann. 578, 21 South. 731.

The defendant cites Harris v. Stubenrauch, 18 La. Ann. 724.

[1] As relates to issues on appeal: They cannot be restricted on appeal, and reduced, so that the court on appeal, although it had jurisdiction when it was taken and when the record was filed, has no appellate jurisdiction because appellant in the original suit has paid all the amounts due, except costs.

Beyond question this court had jurisdiction when the appeal was taken.

If it were possible to defeat the court's jurisdiction by paying capital and interest, and not the costs, it would be possible for the party cast, if he chose to avoid the payment of costs by such a payment.

That is not the law. See Harris v. Stubenrauch, 18 La. Ann. 724; Gayden v. Railroad Co., 39 La. Ann. 269; 1 South. 792.

The motion to dismiss is overruled.

### On the Merits.

The bonding was illegally allowed.

[2] The defendant, it was heretofore held in cited decision in this suit, had a right of appeal from the orders permitting the dissolution of the injunction on bond. The court considers the decided issues to a point sufficient to enable it to decide by whom the costs are due.

On appeal, the court holds and sustains the appeal, and, on appeal in the present situation of the case, the court decides that appellant has the right to recover costs.

It is therefore ordered, adjudged, and decreed that the order permitting the defendant to bond the injunction be set aside, and that the defendant in injunction pay costs of these proceedings and of appeal.