28 So.2d 609

### STATE v. PULLIN.
#### No. 38263.

Nov. 12, 1946.

Rehearing Denied Dec. 13, 1946.

Ben F. Roberts, of Shreveport, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Edwin L. Blewer, Dist. Atty., of Shreveport, for plaintiff-appellee.

HAMITER, Justice.

Defendant, Harry C. Pullin, on being convicted by a jury of five of the crime of aggravated battery and sentenced by the court to serve eighteen months in the state penitentiary, requested and was granted this appeal.

The transcript contains two formal bills of exceptions, the first having been reserved to the overruling of a motion for

a rehearing and the second to the overruling of a motion in arrest of judgment. Only the second bill, however, is urged in this court.

The motion in arrest of judgment alleges that the information under which appellant was tried and found guilty does not set forth an offense known to the laws of the State of Louisiana. The offense charged is that Harry C. Pullin "committed a battery upon Leslie A. Cowley with a dangerous weapon, to-wit: A pistol."

In support of the motion, defense counsel argues here, to quote from his brief, that: "Now there are two separate and distinct offenses of battery, aggravated battery and simple battery. The Bill of Information in this case charges a battery. It does not charge a simple battery nor an aggravated battery, notwithstanding it does allege that the battery was committed with a dangerous weapon. If the Bill of Information intended to charge an aggravated battery, it should have alleged that Harry C. Pullin committed an aggravated battery upon Leslie A. Cowley with a dangerous weapon, to-wit: a pistol."

Aggravated battery, according to the definition given in Article 34 of the Louisiana Criminal Code, "Is a battery committed with a dangerous weapon." The short form for charging that offense, authorized by Article 235 of the Louisiana Code of Criminal Procedure, as amended, is: "A. B. committed a battery with a dangerous weapon upon C. D."

The information in question sets forth the requisite elements given in the foregoing definition and, further, literally complies with the mentioned authorized short form; hence, it sufficiently alleges the offense of aggravated battery under the laws of this state. To include the word "aggravated" in the charge would serve only to provide redundancy therein.

This holding is in keeping with our decision in State v. Pizzolotto, 209 La. 644, 25 So.2d 292. Therein, the accused was convicted under an indictment drawn according to the short form authorized in charging simple battery, and he complained that it was invalid because of the omission to use either of the qualifying words "simple" or "aggravated". We found no merit in that complaint.

It is further argued by defense counsel that the sufficiency of the instant information is to be determined by the three-fold test given in State v. Ward, 208 La. 56, 22 So.2d 740, 741, namely:

"1. Is the indictment or information sufficient to inform the court what offense is being charged in order that the court might properly regulate the evidence sought to be introduced?

"2. Does the indictment or information inform the accused of the nature and cause of the offense with which he is being charged?

"3. Is the indictment sufficient on its face to support a plea of former jeopardy in event there is an attempt to try the defendant more than once for the same offense?"

The application of that test discloses with certainty the sufficiency of the information; clearly, each question, when applied, can be answered only in the affirmative.

The conviction and sentence are affirmed.