56 So.2d 568

**STATE v. RICHARDSON.**

No. 40556.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

·Henry N. Richardson, Bogalusa, and Kemble K. Kennedy, Baton Rouge, for relator.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., William F. Kline, Dist. Atty., Clinton, for respondent.

HAWTHORNE, Justice.

Relator, J. A. Richardson, charged with the crime of gambling denounced by Article 90 of the Louisiana Criminal Code, LSA–R.S. 14:90, was tried in the lower court, adjudged guilty, and sentenced to pay a fine of $25 and costs, and, in default of payment of. fine and costs, was sentenced to the parish jail for a period of 10 days. The defendant applied to this court for writs, which were granted, and the case is now before us under our supervisory jurisdiction.

There are several bills of exception in the record. We need to consider, however, only those under which the relator seeks to have the prosecution dismissed, the ones reserved to the ruling of the trial court overruling a motion to quash and a motion in arrest of judgment. The other bills of exception, if meritorious, would only entitle the defendant to a new trial, and, since he failed to ask for a new trial by a motion in the lower court, these bills will not be considered. Article 559 of the Code of Criminal Procedure, LSA–R.S. 15: 559, provides: "No new trial can be granted on appeal unless a motion for same has been made and refused in the lower court * * *."

This case is before us under our supervisory jurisdiction. However, .the rule of law announced by Article 559 of the Code of Criminal Procedure .above quoted is applicable. Otherwise, the defendant in a criminal case who has successfully ob-

tained writs under our supervisory jurisdiction would have a greater right than a convicted defendant in a criminal case who has appealed to this court under its appellate jurisdiction. In the latter case, a convicted defendant who has appealed to this court cannot be granted a new trial unless a motion for the same has been made and refused in the lower court. Moreover, from the jurisprudence of this court, relator should exhaust the remedies in the court below before applying for writs to the Supreme Court. State ex rel. Shakespeare v. Judge Civil Dist. Ct., 40 La.Ann. 607, 4 So. 485; State ex rel. Hibernia National Bank v. Judges, 50 La.Ann. 26, 22 So. 972; State ex rel. McCabe v. Police Board, 107 La. 162, 31 So. 662; State ex rel. Aucoin v. Board of Police Com'rs, 113 La. 424, 37 So. 16; State ex rel. Perez v. Whitaker, 116 La. 947, 41 So. 218; State ex rel. Journee v. Board of Com'rs, 119 La. 515, 44 So. 283; Long v. Kaufman Co., 127 La. 333, 53 So. 583; Bank of Houma v. Citizens' Ice & Mfg. Co., 129 La. 270, 55 So. 879.

The relator contends, however, that he is entitled to be *discharged* because the information is fatally defective. The pertinent part of the bill of information charges that the relator did " * * * Wilfully, unlawfully and intentionally conduct and directly assist in the conducting, as a business, at Norwood, Louisiana, of a game, contest, lottery and contrivance, by having and permitting in the said premises the operation, use and playing of a mechanical device known as a Slot Machine, whereby a person risked the loss of a thing of value in order to realize a profit * * *."

He contends that the bill of information should be quashed for the following reasons: (1) It does not set out any offense denounced by any law of this state but merely recites a conclusion of the law, since it does not set out with reasoned particularity the facts relative to the time, place, circumstances, and manner in which the alleged offense was committed, and thus does not inform him of the nature and cause of the accusation against him and therefore is in violation of the rights guaranteed to him under the Constitution and laws of this state; (2) it is so vague and indefinite that he cannot either prepare or present a proper defense or plead in such a manner as to bar him from further prosecution for the same alleged offense. Relator, in support of his motion in arrest of judgment, urges the same grounds as set forth in his motion to quash.

Under the jurisprudence of this court, the tests for determining the sufficiency of a bill of information are: (1) Whether it is sufficient to inform the court of an offense charged so that the lower court may properly regulate evidence sought to be introduced; (2) whether it informs the accused of the nature and cause of the offense charged so that he will be enabled to prepare his defense, and (3) whether it is sufficient on its face to support a plea of former jeopardy in the event of an

attempt to try defendant more than once for the same offense. State v. Pizzolotto, 209 La. 644, 25 So.2d 292; State v. Pullin, 210 La. 918, 28 So.2d 609; State v. Saia, 212 La. 868, 33 So.2d 665; State v. Murff, 215 La. 40, 39 So.2d 817.

The bill of information in the instant case discloses that it meets every test of sufficiency, and the trial court correctly overruled relator's motion to quash and motion in arrest of judgment. The bill of information follows the language of the statute, and in addition thereto informs the accused of the place where the offense was committed, that is, Norwood, Louisiana, of the day on which it was committed, and also informs him of the thing used or operated, that is, a mechanical device known as a slot machine. It is therefore sufficient to identify the particular transaction charged as to time, place, thing, and means used. See 2 Wharton's Criminal Procedure (10th ed.), sec. 719, p. 1001, sec. 721, p. 1003, sec. 726, p. 1006, sec. 735, p. 1016; Joyce on Indictments (2nd ed.), sec. 287, p. 317.

The bill of information is also a bar to any further prosecution of the defendant for the same offense. In State v. Foster, 156 La. 891, 101 So. 255, 258, it was said: "* * * This court has repeatedly held that—'The test whether the plea of autrefois acquit is a sufficient bar in any particular case is whether the evidence necessary to support the second indictment would have been sufficient to have procured a legal conviction on the first.' * * *." See also State v. Keogh, 13 La.Ann. 243; State v. Vines, 34 La.Ann. 1079; State v. Williams, 45 La.Ann. 936, 12 So. 932; State v. Terry, 128 La. 680, 55 So. 15; State v. Roberts, 152 La. 283, 93 So. 95, 24 A.L.R. 1122.

Under the above rule, the bill of information is a complete bar to, and fully protects the accused from, any further prosecution under a subsequent charge of the crime of gambling conducted by the relator at any place within the town of Norwood, Louisiana, by the operation and use of a slot machine on the date charged in the bill of information.

The case of State v. Varnado, 208 La. 319, 23 So.2d 106, and other authorities cited and relied upon by relator are not pertinent or controlling in the instant case. In the Varnado case the information charged the offense in the language of the statute only, whereas, in the instant case, the bill of information not only charges the offense in the language of the statute but informs the accused of the time, place, and the thing used in the gambling operation, that is, a slot machine.

For the reasons assigned, the conviction and sentence are affirmed.