The opinion of the court was delivered by
McEnery, J.
This suit was instituted in the name of the State of Louisiana, by the district attorney of the parish of St. James, on the relation of certain resident citizens and tax-payers of said parish, under the provisions of Art. 201 of the Constitution and Act No. 135 of 1880, to remove the defendant from his office as sheriff of the parish of St. James, to which he was elected in April, 1892, and was duly qualified the following July. The grounds for his removal are set forth in eleven specifications in the plaintiff’s petition, charging certain acts of malfeasance, non-feasance, etc., some of which are alleged to have been committed by him during a previous term of office as sheriff and others during his present term.
The defendant filed exceptions to the petition, which exceptions the District Court sustained as to the first, second, third, fourth and ninth specifications, and to that extent dismissed the petition, and as to the other specifications the court overruled the exceptions. From that part of the judgment sustaining said exceptions the plaintiff and relators have appealed.
The specifications to which the exceptions of the defendant were sustained are as follows:
1. That said Adam Livain Bourgeois, being then sheriff of the parish of St. James and having been ordered under a writ of fieri facias, issued on the 29th day of January, 1891, in the suit of J. B. C. Graugnard vs. Lucius Forsyth, No. 1500 of the docket of the Twenty-second Judicial District Court, to seize and sell for cash certain property, to-wit: Pike’s Peak plantation, situated within the parish of St. James, and the appurtenances thereto, for cash, did fail to sell the same for *1352 cash, as ordered, and was thereby guilty of non-feasance and misfeasance in office.
2. That thereupon and thereafter the said Adam Livain Bourgeois, as sheriff in the above entitled cause, did, on the 8th day of April, 1891, make a false return on said writ, in which return he certified that he had sold the property hereinabove described for cash, which was paid to him by the purchaser, when in truth and in fact no cash was demanded or received from the purchaser, but said sale was fraudulent and said return false and fraudulent, and the said sheriff thereby was'guilty of misfeasance, corruption and gross misconduct in office.
3. That said Adam Livain Bourgeois, sheriff as aforesaid, did, on the 17th day of March, 1891, execute a deed to the purchaser at said sale, which deed he filed in said suit June 26, 1891, and specified therein that he had received in payment of the price of said sale and adjudication a certain amount of money in cash as payment, when in truth and in fact no cash was received or paid unto him, the said sheriff, by the purchaser or other person, and said deed was false and fraudulent, and said sheriff thereby was guilty of misfeasance, corruption and gross misconduct in office.
4. That on the 26th of June, 1891, said cause being on trial on a rule to distribute the proceeds of the sale aforesaid, said Adam Livain Bourgeois, sheriff as aforesaid, being called as a witness and being duly sworn, did depose under oath that he had in his possession a certain portion of the proceeds of said sale in cash, when in fact and in truth said testimony was false and untrue, and said sheriff did not then have in his hands or possession the funds as falsely testified to by him, and said sheriff was thereby guilty of perjury, misfeasance and gross misconduct in office.
9. That one David Smith, a resident of the parish of St. James, was on the 2d. day of July, 1891, informed against by the then district attorney of the parish of St. James, on four distinct informations, viz.: Attempt to commit rape, carrying concealed weapons, entering plantation, and assault with dangerous weapon, and four bench warrants were issued by the Twenty-second Judicial District Court for his arrest and detention, and delivered to the sheriff for execution on same day or thereabouts; that said Adam Livain Bourgeois, sheriff aforesaid, failed to execute said warrants up to this time, although said Smith resided and continued to reside at a point one *1353 mile from the said court house, pursuing his usual avocation, and could have been readily apprehended up to January 1, 1892, at which time said Smith became a fugitive from justice on a capital charge, wherefore petitioners charge said Adam Livain Bourgeois, sheriff aforesaid, with non-feasance and gross misconduct in office.
To the petition of plaintiff and relators the defendant presented and filed the following exceptions:
1. That the allegations contained in the first, second, third, fourth ninth, tenth and eleventh grounds or specifications of said petition do not set forth any cause of action against this exceptor.
2. That the allegations contained in the first, second, third, fourth and ninth grounds or specifications of said petition do not disclose any cause of action or right of action in the plaintiff and relators herein, because the offences therein specifically charged against this exceptor are expressly averred to have been committed prior to the date of his induction into the office of sheriff of said parish pursuant to his election to said office, on the 19th of April, 1892.
3. That the allegations contained in the tenth and eleventh grounds or specifications of said petition are vague, uncertain and indefinite as to time, place and circumstances, and wholly insufficient to enable him to make a defence thereto or to put him on his defence.
4. That this court is absolutely without jurisdiction ratione materiee of the matters and charge set forth in said first, second, third, fourth and ninth grounds or specifications of said petition, because this exceptor was elected to the office of sheriff of the parish of St. James, and ex-officio tax collector thereof, at the last election, held on the 19th of April, 1892, and thereafter duly qualified and was inducted into said office, and the offences charged against exceptor in the said specifications of said petition are averred to have been committed at a time anterior to exceptor’s said induction into office and his present term of office.
The allegations in first, second, third and ninth specifications are sufficiently definite and explicit. It was not essential for relators to aver a negative therein. It is very true the matters contained in said specifications are subject to explanation, as the parties to the suit could have consented to the acts of the sheriff. But this is a matter of defence on the trial of the case. The specifications charge that said acts were misfeasance, non-feasance in office, and that he made false return on his writ, and that said acts were gross miseon *1354 duct and corruption in office; These averments negative the fact that these acts were done under the direction and by the consent of .plaintiff in exception.
■ The fourth specification can not be sustained, as the act charged was not .done in'any official capacity. He was sworn as a witness in the case, and his oath was not. an official act. The facts sworn to were shown by his return, which-in another specification is alleged to be false and fraudulent. State vs. Kellam, 4 La. 495.
- Specifications first, second, third and ninth are of official acts, alleged to be misfeasances, committed before the defendant sheriff was inducted into office, after his election to a'second term, on 19th April, 1&92. These fall under the second and fourth grounds of defendant’s exceptions.
The defendant sheriff has been uninterruptedly in office since the commission of the acts complained of.
There was by his re-election no interruption in'his official tenure. At no time was there an interregnum. He was by the Oonstitution to continue in office until his successor was elected and qualified. He was his own successor, the identical officer in both terms against .whom charges are preferred.
The intention of Art. 201 of the Oonstitution is to remove from .office an incumbent who has been guilty of any of the offences mentioned in Art. 196 of the Oonstitution, while he is in office.
It is immaterial therefore whether they were committed during his present or immediate proceeding term of office. His inability to hold the office results from the commission of said offences, and at ■once renders him unfit to continue in office. The fact that he had ■been re-elected does not condone and purge the offence.
The sheriff was elected in pursuance of the provisions of the Constitution declaring what acts committed by him should be sufficient for his removal. This Constitution was made by the people in their ■sovereign capacity, and .by electing an officer they can not modify . its provisions.
, In the election of defendant no question was submitted by which .-Arts. 196 and 201 were changed.
Neither of these articles specify in what time a suit to remove an .officer shall be instituted, whether in one term or another.
Nor do they specify any limitation as to the offence.
We must therefore conclude that the articles were intended to re *1355 move an unworthy officer, while in office, irrespective of the fact whether the act complained of was committed daring his first or a subsequent term.
But we are not without authorities and precedents on this point. The learned counsel of defendant urge, however, that a suit under Art. 201 of the Constitution can not be assimilated to proceedings by impeachment.
The effect of the conviction may be different, but the laws applicable to the commission of the offence are the same.
The great weight of authority is that an officer may be impeached while in office for acts committed in a prior term. Trial of Judge Barnard, Court of Impeachment, New York; trial of Judge John Mc-Gunn, Court of Impeachment, New York; trial of Judge Prindle, Court of Impeachment, New York.
And in a late case, State vs. Hill, N. W. Rep., Yol. 55, p. 794, Supreme Court of Nebraska, it is stated in the opinion of the court that the ruling in the case of Judge Barnard during his second term for acts committed in his first term of office has been followed in the case of Judge Hubble, of Wisconsin, and on the trial of Governor Butler, of Nebraska. In this case the Supreme Court of Nebraska says, in its opinion:
“ There was good reason for overruling the plea to the jurisdiction in the three cases just mentioned. Each respondent was a civil officer at the time he was impeached, and had been such uninterruptedly since the alleged misdemeanors in office were committed.
“ The fact that the offence occurred in the previous term is immaterial. The object of the impeachment is to remove acorrupt or unworthy officer. If his term has expired and he is no longer in office that object is obtained and the reason for his impeachment no longer exists, but if the offender is still an officer he is amenable to impeachment although the acts charged were committed in his previous term of the same office.”
We concur in these reasons.
This court intimated in State ex rel. Attorney General vs. Cheevers, 32 An. 946, that it entertained the same views as expressed above.
It is therefore ordered, adjudged and 'decreed that the judgment appealed' from be amended so as to reverse the decree sustaining exceptions as to specifications first, second, third and ninth, and in other respects it be affirmed, appellees to pay costs of appeal, and case remanded to be proceeded with in due course of-law.