## Throop Borough School Directors.

454

Argued November 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*David J. Reedy,* with him *John Memolo* and *Stanley F. Coar,* for appellant.—The facts of the case at bar are almost identical with the facts in the recent case of

Fudula's Petition, 297 Pa. 364, upon which case appellants rely.

The only distinction in the two cases is the time of the presentation of the petition for removal.

In the Fudula Case the petition was presented on the day after Fudula assumed his office for the new term.

In the case at bar, the petition was presented during the first term but no hearing was had until after the reëlection of appellants. The argument in the court below was held after appellants had assumed office for the new term and the order removing appellants was not made until more than sixteen months after appellants had entered upon their offices for the new term.

*Clarence Balentine,* for appellees.—It is believed that the words *present term, preceding term and current term,* have reference to the term during which the petition to remove is filed. In Fudula's Case, the petition to remove him was not filed until after the expiration of the term in which the acts or omissions charged were committed. In the cases at bar, the petition was filed a year and four months before the expiration of the term in which the acts or omissions charged were committed. And this makes all the difference. An examination of every case cited by this court in its opinion in the Fudula Petition, together with every other case cited in the footnotes to the above general citations, reveals the fact that in not one of the cases was the petition to remove filed during the term in which the acts or omissions charged were committed.

OPINION BY MR. JUSTICE SADLER, January 6, 1930:

Budash and Warnero have filed separate appeals from an order removing them as school directors of the Borough of Throop. Both were in office on August 4, 1926, when a petition was presented by resident taxpayers of the district asking that they be discharged as unfit because of seventeen violations of the duties imposed upon

them by the School Code. Such proceeding was authorized by the Act of May 18, 1911 (P. L. 309, section 217), and they were subsequently ousted upon proof of the grossest misconduct in the management of the affairs committed to their charge. It is unnecessary to relate in detail the delinquencies shown, and found by the court to have been committed, since the appellants have admitted, by paper filed, that "testimony was introduced which proved the alleged violation of the School Code sufficient to warrant the removal of the school directors." An examination of the record shows this to be true, and that the conduct of the members was, in many respects, more discreditable than that condemned in Coal Township School Directors, 290 Pa. 200.

The original petition was amended by adding further charges, after answer filed; and delay in the taking of testimony resulted. The hearing was not closed until November 27, 1927, more than one year and three months after the institution of the proceeding, and the final order of the court in banc was not entered until April 13, 1929. In the meantime, appellants were reëlected to serve, in the same capacity, for six additional years, though they had not taken the oath of office as directors when the evidence was submitted to the court. It is urged that the subsequent decree was ineffective, the official term, in which the misfeasance had taken place, having expired, and Budash and Warnero were then serving a second period, due to their reëlection. The power of the court to act thereafter, on proceedings instituted before, is the real question now submitted for determination. If the petition had been disposed of prior to December, 1927, when the reëlected members were newly installed, there could be no question of the right of the court to remove them from office, from which act there would follow a disqualification to again serve as school directors for the period of five years, as provided by section 218 of the School Code.

The Commonwealth, to ensure the proper conduct of the schools, thus provided for the elimination of those found unfit to manage the affairs of a particular district. Not only was the removal of the guilty director made mandatory for the balance of the elective or appointive term which he was then serving, but he was prohibited from entering the one following, for which he was chosen by the voters. Both consequences resulted from the legal finding of his wrongdoing. Not only are the electors of the school district interested in the honest and capable administration of its business, but the State, which furnishes, in part, the necessary support, is likewise. Wrongdoing cannot be overlooked and approved by the act of the people in reëlecting them to office for the ensuing term, and such attempted condonation does not prevent the legally constituted authorities from visiting on the offending persons the results of conduct expressly prohibited by the act of assembly.

It is contended that the second term, for which appellants were selected, is separate and distinct from that which preceded it, and, after reëlection, the prior wrongful acts cannot be considered so as to affect the appellants' rights to a second and successive term for which they later have been chosen. The cases are in conflict as to the effect of subsequent election as operating to relieve from the disability legally following a finding of prior misconduct in the same office. An examination of those reported will show an almost equal division of viewpoint: Note 17, A. L. R. 279. Decisions sustaining the power to oust for precedent misconduct will be found in Attorney General v. Tufts, 239 Mass. 458, 131 N. E. 573; Hawkins v. Grand Rapids, 192 Mich. 276, 158 N. W. 953; State v. Megaarden, 85 Minn. 41, 88 N. W. 412; State v. Howse, 134 Tenn. 67, 183 S. W. 510, and a like principle is recognized in State v. Hill, 37 Neb. 80, 55 N. W. 794. As was said in State v. Welsh, 109 Iowa 19, 79 N. W. 369, 370, 371; "The very object of removal is to rid the community of a corrupt, incapable

or unworthy official...... The commission of any of the prohibited acts the day before quite as particularly stamps him as an improper person to be entrusted with the performance of the duties of the particular office, as though done the day after. The fact of guilt with re-spect to that office warrants the conclusion that he may no longer with safety be trusted in discharging his duties."

Other courts have held to the contrary, and decisions in which it has been so declared are cited in Fudula's Petition, 297 Pa. 364, where it was held that wrongful acts committed in a prior term may be considered in so far as they are concerned and connected with conduct during the new term which is presently complained of. In the case referred to, it was unnecessary to consider a situation such as here presented, for there the proceeding was not instituted until the previous official term had ended, and the incumbent had actually qualified for the second term. Under such circumstances, it was said there could be no removal of a school director from his new office by reason of earlier wrongdoing, not complained of during the term when committed. In the instant case, the petition to remove was presented one year and three months before the first term expired, based on then existing grounds, and carried on continuously, though the final determination of guilt of the charges made was not entered until after the second term had begun. The actual removal from office to which relators were later elected, and for which they subsequently took the oath of office, could not be declared as a penalty because of wrongs committed prior thereto, but the right to continue the pending litigation was not affected by the reëlection. The court was not deprived of its power to pass upon the guilt of those accused, as a consequence of which the penalty provided by section 218 became effective. "Offenses committed during a previous term are generally held not to furnish cause for removal......, but where removal carries with

it a disqualification to hold office in the future, the rule is otherwise": 46 C. J. 986. A reëlection of one at the time under charges, subsequently sustained, does not ·prevent the court from taking such action as is permitted by the statute, for the beginning of a new term does not condone the misconduct that has been committed: Carlisle v. Burke, 144 N. Y. Supp. 163. The final decree of the court fixed the rights and obligations of the parties as of the date of the commencement of the action: St. Louis & Kansas Oil & Gas Co.'s Case, 168 Fed. 934.

In the present case, the proceeding, under section 217, was instituted to punish for misfeasance during the first term, and within that time, while in the Fudula Case, supra, the petition was not filed until the defendant had been again installed in office for a new term, based on misfeasance committed before, and the court had therefore no power to proceed. Though an actual removal had here become impossible in fact, because of the expiration of the first term, yet the incidents of the finding of guilt, as provided in section 218, cannot be evaded by reason of this lapse of time.

We are only called upon by the single assignment of error presented to determine whether the court had lost its power to condemn the appellants when found to have violated the obligations imposed upon directors by the School Code, and made the subject of legal complaint during the first term of service. The court in banc correctly decided that the directors had forfeited their right to act. Since their term had expired, its order to remove them for the balance of that in which the misconduct appeared could not be in fact enforced, nor had it authority to appoint substitutes for those reëlected, to act for a period after the ending of the original terms. But if Budash and Warnero became disqualified to serve as school directors for five years by reason of the decree, and were therefore ineligible to act as their own successors, the further right to serve must be determined by

quo warranto proceedings. The only error here assigned is the order of April 13, 1929, holding appellants to have lost their privilege to act as school directors during the balance of their original terms because of proven misconduct committed within the period complained of in the petition filed, and the only time of service with which the court was, in this proceeding, concerned. From this finding of guilt, liability for all of the incidents of punishment provided by the Code followed, and the court in banc correctly so held. A subsequent decree, appearing by the docket entries, appointing other persons to act as directors for the second elective term of Budash and Warnero, is not assigned as error, and its legality cannot, therefore, be now considered.

The order of the court below, appealed from in both cases, is affirmed at the cost of appellants.