ELLIS, Judge.
Alcus Louis Fornea is the duly elected member of the Police Jury from the Fifth Ward of Washington Parish, Louisiana; He was elected in 1948 and again in 1952. This suit was filed by the State of Louisiana through Jas. T. Burns, District Attorney for the 22nd Judicial District in and for the Parish of Washington, Louisiana, under Article 9, § 6 of the Constitution of Louisiana, LSA and LSA-R;S. 14:140, known as the “Public Fraud Act.”
At the request of the defendant police juror, trial was had by jury which resulted in a verdict for the defendant, after which no motion for new trial was requested of the District Judge, and accordingly judgment was signed by the lower court in accordance with the verdict of the jury, and relator has appealed.
Counsel for defendant has filed a motion to dismiss the appeal on the ground that it was applied for “by motion and/or petition in the District Court (Twenty-second Judicial District Court, State of Louisiana, in and for the Parish of Washington) at a term subsequent to tha,t at which the judgment was rendered, read and signed, and that citation of appeal, was neither issued or served, as. will be reflected by the record, * * *
This case was tried and the judgment from which this appeal has been taken was read and signed in the Twenty-second Judicial District Court in open court on the 7th day of February, 1955. On March 7, 1955 appellant filed a motion in open court for a devolutive appeal and was granted an order making the appeal returnable to this court on April 18, 1955.
Counsel for defendant cites and 'relies upon the case of Haydel v. Major, La.App., reported in 19 So.2d 628. This case shows that the judgment therein was signed at a subsequent and different term of court from the one in which it was rendered. The judgment was signed on February 2, 1943, and on January 7, 1944, which was clearly a subsequent term of Court, an ap~ peal was requested and granted without any prayer or order for citation.
In the present case the appeal was granted by motion in open court at the same term of court in which judgment was rendered, which did not require an order or service of citation. Under Article 7, § 43 of the Constitution, District Courts, except the Parish of Orleans, “shall hold continuous sessions during- ten months of the year.” The two vacation months *465 in the Twenty Second Judicial District Court are July and August or August and September. It was held by the Supreme Court in Ryland v. Harve M. Wheeler Lbr. Co., 146 La. 787, 84 So. 55, that where a district court has set aside August and September for its vacation, it necessarily follows -that the time from October to July constitutes a ten months continuous session required by the Constitution, so that the appeal taken in November from a judgment rendered in October was taken during the term in which judgment was rendered and it was properly taken by a motion in open court and without citation of appeal under Code of Practice Article 573. Many other cases could be cited but we deem it unnecessary.
For these reasons the motion to dismiss is hereby' overruled.
Counsel for defendant filed a plea of prescription of one year and exception of ño cause or right of action in the District Court, all of which were overruled, and on this appeal in his brief he states that while it is his humble opinion that the District Judge erred in overruling the plea of prescription and exception of no cause or right of action, in view of the fact that'“the case proceeded to trial on the merits and the Jury was eminently correct in rendering a verdict for the defendant, Fomea, the writer will not burden the Court with an argument of the plea of prescription and the exception of no cause or right of action * * * ” The quoted statement of counsel for the defendant is not a definite abandonment of his plea of prescription and exception . of no cause or right of action,-' and even though he did not press the plea and exception in his oral argument, we will, nevertheless, dispose of both.
Article 9, § 1 of the Louisiana Constitution provides:
“All State. and district officers, whether elected' or appointed, shall be liable to impeachment for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, or oppression in office, or for'gross misconduct, or habitual drunkenness.”
Article 9, § 6, pertinent to the casé under consideration, reads in part as follows:
“For any of. the causes enumerated in Section 1 hereof, any officer, whether state, district, parochial, or of a ward or municipality, except the Governor, Lieutenant-Governor, and judges' of the courts of record, may be removed by judgment of the district court of his domicile. .The' Attorney General, or district attorney may, in his discretion, institute such suit, and shall do so (except when the suit is to be brought against himself) on the written request, specifying the charges, of twenty-five citizens and taxpayers, or of the governor, in the case of state, district, parochial or municipal officers, and of ten resident citizens and taxpayers in the case of ward officers; ' * * ”* ”
Another basis of the present suit is found, in LSA-R.S. 14:140 which is as follows:
“Public contract fraud is committed:
“(1) When any public officer or public employee shall use his power or position as such officer or employee to 'secure any expenditure of public fund's to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder or director; or
.“(2) When any member, of any public board, body, or commission charged with, the custody, control or expenditure of. any public funds votes for or uses his influence to secure any, expenditure of such public funds to himself, or to any partnership of which he is a member or to any corporation of which he is an officer, director, ’'or stockholder.
“The fact that an expenditure has been made to any party named in this article, or to any partnership of which he is a member, or to any corporation *466 of which he is an officer, stockholder or director, shall be presumptive evidence that such person has used his power, position or influence to secure such expenditure.
“Whoever commits the crime of public contract fraud shall he fined not more than one thousand dollars, or' imprisoned, with or without hard labor, for not more than two years, or both.”
Under the head of “General Comment” following LSA-R.S. 14:140 we find the following:
“The ’ article limits the crime of ‘public contract fraud’ to cases in which the officer does some affirmative act (such as voting or using his influence) in order to secure the adoption of the contract in which he has an interest. The affirmative act or influencing by the officer is the gravamen of the offense. Any attempt to further define the offense in’ terms of the ‘extent’ of interest of the offender did not appear practicable.
“ ‘Any expenditure of public funds’:
“The words ‘any expenditure of public funds’ are used in the section to mean any spending of public money. This broad terminology was used because Chief Justice O’Niell in his concurring opinion in State v. Abernathy, supra [194 La. 559, 194 So. 19], held that the words ‘contract for the performance of work or the furnishing of labor or materials,’ as used in the former statute, had reference only to the construction of some public work ■or public building and the furnishing of building materials therefor.
“ ‘Presumptive’ evidence of influence:
“The third paragraph was added upon recommendation of the council. It was felt that, although the mere •existence of an interest should not be per se criminal, in such cases the ■official should be required to explain the transaction and show that he did ■not use his influence to secure the expenditure to himself or to his firm.”
Relator makes the following charges in his petition:
“III. Your petitioner further shows, that based upon information furnished him, that the defendant, Alcus Louis Fornea has, during the entire time that he has held the office of Police Juror of’ the Fifth Ward of' Washington Parish, Louisiana, all during his present term which began in the-month of June, 1952, and particularly on the dates in the manner hereinafter set forth, been guilty of violating Louisiana Revised Statutes 14:140, a misdemeanor under the laws of this State, in that, he has persistently, repeatedly and continously, used his power and position as Police Juror of the Fifth Ward of Washington Parish, Louisiana, to secure public funds belonging to the.Police Jury of Washington Parish, Louisiana, and/or Washington Parish, Louisiana, for himself or for partnerships of which he was and is a member.
"IV. That -Fornea Bros, is a commercial partnership, of which defendant, Alcus Louis Fornea is an active and participating partner.
“V. That Fornea.Sand and Gravel Company is a. commercial partnership of which defendant, Alcus Louis For-nea is likewise an active and participating partner.
■ “VI. That Fornea Nash Motors is entirely or principally owned by defendant, Alcus Louis Fornea and his wife, and they alone have power and authority to sign checks for the withdrawal of funds deposited to the account of said Fornea Nash Motors in Angie Branch of the Washington Bank and Trust Company.
“VII. That the Washington-.Parish Police Jury operates and functions under a system commonly referred to as ‘the Ward system’, by and under which, *467 each Police Juror has sole, complete and final authority to make purchases of materials to be used in his Ward and exclusive discretion in designating who will perform other required services. In carrying out this practice, no bills or statements for materials purchased or services rendered can be approved by the finance committee and ultimately by the Police Jury as a whole, unless they have first been approved in writing, by the individual Police Juror himself. The affirmative action of the individual Ward Police Juror is thé prime requisite in initiating and consumating the purchase and final payménts of all materials in each Ward.
“VIII. Petitioner now shows, that acting under the above system and practice, defendant did use the unlimited power and position of his office as Police Juror of the Fifth Ward, Washington Parish, Louisiana, to secure said public funds, by authorizing the purchase and by approving the payment of the following materials, sold by the following partnerships of which defendant was a member to the Police Jury, Washington Parish, Louisiana, viz.:
Partnership selling Type of Material Material Paid by check of Washington Parish Police Jury
Date Amount
Fornea Bros. Lumber Oct. 7, 1952 $379.94
Fornea Bros. Lumber Oct. 7, 1952 248.76
Fornea Bros. Lumber Oct. 7, 1952 269.87
Fornea Sand & Gravel Co. Gravel Oct. 14, 1952 195.00
Fornea Bros. Lumber Dec.'10, 1952 272.34
Fornea Bros. Lumber Dec. 10, 1952 121.02
Fornea Bros. Lumber Jan. 14, 1953 247.26
Fornea Bros. Lumber Jan. 14, 1953 376.90
Fornea Sand & Gravel Co. Gravel Feb. 11, 1953 300.00
Fornea Sand & Gravel Co. Gravel March 11, 1953 350.00
Fornea Bros. Lumber June 10, 1953 315.72
Fornea Sand & Gravel Co. Gravel June 10, 1953 170.00
Fornea Bros. Lumber Sept. 9, 1953 94.06
“IX. That as hereinabove set forth, the above sales of materials are specifically set forth for the purpose of illustrating the practice followed by defendant since his present term of office began in June, 1952, and are not exclusive, all as will be brought out and shown on the trial of this case.”
Accepting as true the allegations of the petition above quoted, and ápplying the law,' there is no’ doubt but that the petition states a cause of action.
As to the plea of prescription, in the case of Stanley v. Jones, 197 So. 627, 2 So.2d 45, 48, the Supreme Court of the State of Louisiana reaffirmed a previous holding to the effect that no prescription protects public officers in suits for removal as in the case at bar, and stated:
‘.‘Defendant filed an exception of no cause or right of action, the first ground of which is leveled at the offenses it is alleged he committed prior to his present term óf office. Defendant contends that these offenses which are set forth in articles 16 to 22 of the petition, both inclusive, do not furnish a cause for his removal from office.
“The petition, in paragraph 2, shows that the defendant served a term as judge of the Tenth Judicial District Court for the period of 1920 to 1924. He was again elected to the office for the term beginning January 1, 1931, *468 and was re-elected in 1936 to hold the office until 1943. The defendant has served a six-year term beginning January 1, 1931, and is at present serving another term of six . years • to run through the year 1942.
“This exception is in effect that the scope of the hearing should be limited to the offenses which the petition alleges were committed by defendant since his last election to the office in the month of November, 1936.
* * % * . * *
"As shown in the annotation in question, 17 A.L.R. at .page .285,. although there are many cases holding that misconduct in prior terms of office is not ground for rfemoval of a public officer, there is an equal number of cases to the contrary effect, that such misconduct may constitute ground for removal or impeachment. This state is listed among the states among which the latter rule prevails. And the cases referred to are State ex rel. Attorney General v. Lazarus, 39 La.Ann. 142, 1 So. 361; State [ex rel. Billon] v. Bourgeois, 45 La.Ann. 1350, 14 So. 28; State [ex rel. Perez] v. Whitaker, 116 La. 947, 41 So. 218.
“Those cases arose under Article 196 and 201 of the Constitution of 1879, which articles were embodied almost verbatim in the Constitution of 1921. In State [ex rel. Billon] v. Bourgeois, 45 La.Ann. 1350, 14 So. 28, 30, it was specifically held that acts denounced by Article 196 of the Constitution of 1879, which, with the omission of the words ‘for nonfeasance or malfeasance,’ is section 1 of Article 9 of the present Constitution, committed in a prior term by any officer who was his own successor, may form the foundation for a suit for removal from office. This holding was repeated in the case of State [ex rel. District Attorney] v. Bourgeois, 47 La.Ann. 184, 16 So. 655. In the first Bourgeois case, after referring to the constitution article, this Court said: ‘We must therefore conclude that the articles were intended to remove an unworthy officer while in office, irrespective of the fact whether the act complained of was committed during his first or a subsequent term.’ The Court quoted with approval the following statement by the Supreme Court of Nebraska, in the case of State v. Hill, 37 Neb. 80, 55 N.W. 794, 20 L.R.A. 573: ‘The fact that the offense occurred in the previous term is immaterial. The object of the impeachment is to remove a corrupt or unworthy officer. If his term has expired, and he is no longer in office, that object is obtained, and the reason for his impeachment no longer exists; but if the offender is still an officer he is amenable to impeachment, although the acts charged were committed in his previous term of the same office.’
“In the second Bourgeois, case (47 La.Ann. 184, 16 So. 656), this Court in .rejecting a plea of prescription, explained the scope and purpose of the Constitutional articles providing for the impeachment and removal of public officers as follows: ‘These articles are in the public interest, to secure purity and efficiency in the administration of public offices. They provide for the removal of dishonest, .unfaithful, or inefficient officers, and no prescription protects them while in office. Thus' it has been determined that the removal proceedings may be for acts prior to the existing, but embraced within a previous, term of the incumbent,’ citing authorities.
“In Allen v. Tufts, 239 Mass. 458, 131 N.E. 573, 576, 132 N.E. 322, 17 A.L.R. 274, the Supreme Judicial District Court for Massachusetts, with Rugg, Chief Justice upholding the rule that misconduct in a former term is ground for removal, expressed a similar view, viz., ‘The object of our statute is to purge the public' service of an unfit officer. Such unfitness may arise from conduct in an office held *469 continuously although during the term of an earlier election.’
“In State [ex rel. Perez] v. Whitaker, 116 La. 947, 41 So. 218, this Court held, as shown by the syllabus, that hf an offender is still in office, he may he removed, although the act charged was committed during his previous term of the same office-.’
“Defendant relies on State ex rel. Wilkinson v. Hingle, 124 La. 655, 50 So. 616; State v. Young, 137 La. 102, 68 So. 241; State [ex rel. Saint] v. Dowling, 167 La. 907, 120 So. 593, and State [ex rel. Saint] v. Irion, 169 La. 481, 125 So. 567. But they are not appropriate. They are all cases involving- contests for office in which the incumbent sought to retain ‘his office on various grounds.”
For the reasons assigned the plea of prescription and exception of no cause or right of action were correctly overruled by the lower court.