554 So.2d 227 (1989)
James L. McINTOSH, et al., Plaintiffs-Appellants,
v.
MADISON PARISH POLICE JURY, et al., Defendants-Appellees.
No. 20956-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
*228 Crawford A. Rose, Jr., Rayville, for plaintiffs-appellants.
C. Calvin Adams, Jr., Tallulah, for defendants-appellees.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
MARVIN, Judge.
The issue in this declaratory judgment action is whether, and on what grounds, the Madison Parish Police Jury (a political subdivision of the State) may remove from office members of the parish Port Commission, (another political subdivision of the State) that the Jury appointed to the commission for a fixed term of years.
Plaintiffs McIntosh, Williams, and Williamson are three of the six commissioners appointed by the Jury who were "removed" from office by the Jury by a resolution of May 4, 1988. The Jury mailed each of them a copy of the resolution and a letter advising that they had been removed from office. McIntosh's term was to expire July 21, 1988. The terms of Williams and of Williamson were to expire July 7, 1988. The other three commissioners who were removed were among the six commissioners the jury thereafter appointed to "replace" the removed commissioners.
The trial court reasoned that LRS 33:1415A authorized the jury's action and plaintiffs appealed. Plaintiffs raise no constitutional issues in this appeal, but simply contend the trial court erred as a matter of law in construing the statutory authority of the Jury.
We affirm.

LAW
A police jury is the parish governing body that exercises legislative and executive functions as a political subdivision created by and subject to State legislative authority. Niette v. Natchitoches Parish Police Jury, 348 So.2d 162 (La.App. 3d Cir.1977), writ refused. Courts do not interfere with the governmental discretion granted police juries except where the jury has acted arbitrarily, capriciously, or otherwise contrary to law. Torrence v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2d Cir.1960).
A police jury may create and abolish some boards, commissions, and other entities for some governmental purposes. In other instances police juries are obligated or empowered to appoint some or all members of a board, commission or other entity that is created by the State. See LRS 33:1415A and LRS Title 34 generally.
Created by Act 369 of 1966 (now LRS 34:2401-2407), The Madison Parish Port Commission is designated as the governing authority of The Madison Parish Port, Harbor and Terminal District, "a political subdivision of the state." §§ 2401-2402. The statute provides for staggered terms. The statute requires the police jury to appoint six of the commissioners who then are required to "elect" the seventh commissioner. Two of the initial appointees were to serve two years, two were to serve four years and the "remaining" commissioners (three) were to serve six years.
Thereafter, the successors to each of the seven commissioners shall ... serve for terms of six years. § 2402(A), in part.
* * * * * *
C. In the event any commissioner ceases to be a commissioner ... his successor shall be appointed in the same manner as the original appointment and shall serve *229 for the remainder of the unexpired term of the outgoing commissioner. § 2402C.
The Act that created the Madison Parish Port Commission and District in 1966, however, does not provide how a commissioner "ceases to be a commissioner" or becomes an "outgoing commissioner." The act neither prohibits or authorizes the police jury to remove a commissioner it had appointed to serve. See LSA-Const. Art. 10, §§ 24, 25; see State v. Fornea, 82 So.2d 463 (La. App. 1st Cir.1955), writ denied.
Act 322 of 1987 enacted LRS 33:1415, which reads in part, as follows:
A. In any case where the governing authority of any parish ... shall have created ... any board, commission, ... or any unit having governmental functions,... such governing authority is hereby authorized to abolish same ... However, no parish ... authority shall abolish any entity pursuant to this Subsection if the creation of that entity is required by state law. Where a parochial... governing authority is given the power to appoint members to boards or commissions ... the governing authority shall also have the power to remove and replace the members or commissioners.
Plaintiffs argue that the trial court read the last sentence of § 1415A "out of context" because the statute applies only to boards or commissions created by a parish governing body and not to a board or commission created by the State legislature. We must respectfully disagree.
The first two sentences of § 1415A speak of the parish governing body's authority to abolish a board or commission having governmental functions. In the first sentence, the parish governing authority is given the power to abolish a board or commission it has created. The second sentence provides that the parish governing authority has no power to abolish a board or commission created by the State legislature. The statute clearly and unambiguously deals with and distinguishes boards and commissions created on the one hand by the parish and on the other hand by the State.
The third sentence clearly and unambiguously deals with all boards and commissions, by whomever created, some or all of whose members are appointed by the parish governing authority. This sentence also indicates the Legislature's awareness of the prevalent and frequently used system in Louisiana whereby the board or commission is created by the State and some or all of its members are appointed by the parish governing authority. Peruse generally the many districts, boards, and commissions the State has created in LRS Title 34, e.g., particularly §§ 333.2, 334.1, 334.32, 335.1, 3351, 1351, 1501, 1601, 1702, 1801, 1851, 1861, 1901, 1951, 2101, 2152, 2502, 2552, 3002, 2452, 2281, 2351, 2471, none of which State creations provide either how and by whom the creation may be abolished or whether and by whom members of the creation may be removed. The third sentence of LRS § 33:1415A obviously attempts to cure the legislative oversight in those sections of Title 34 by generally providing:
Where a parochial ... governing authority is given the power to appoint members to boards or commissions, ... the governing authority shall have the power to remove and replace the members or commissioners. LRS 33:1415A.
We agree with the trial court that § 1415A unconditionally empowers the Madison Parish Police Jury "to remove and replace" members or commissioners of the Madison Parish Port Commission.
Here we are construing two statutes, one of which (LRS 34:2401 et seq.) is special insofar as it creates the Madison Parish Port Commission and authorizes that entity to exercise governmental functions, and the other of which (LRS 33:1415) is general because it addresses who shall have the power to abolish a board or commission and who shall have the power to remove and replace persons appointed to a board or commission by a parish governing body. We note that some of the special statutes creating a board or commission expressly provide by whom and how members appointed thereto may be removed. See, e.g., LRS 34:1101, 1401, 2021.
The complaint of the plaintiffs that to allow the police jury to remove the port commissioners "at will" allows the police *230 jury "to control the actions of the port commission[ers]" should be addressed to the Legislature and not the judiciary. Our function is to construe the statutes and not to supplant the Legislature.
LRS 33:1321-1326 is authority, as plaintiffs argue, for the proposition that the port commission and the police jury may each exercise its respective governmental function independently of the other unless they agree and contract otherwise. This proposition does not lead to the conclusion that the Legislature was ambiguous in what it said in LRS 33:1415A, a statute of entirely different subject matter.
The effect of Act 931 of 1988, adding subsections E and F to § 1415 effective July 26, 1988, was not raised in the trial court or here and is not considered by us. See Lamire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984). Similarly we do not consider, because plaintiffs did not raise there or here, the question of whether the terms of the replacement members appointed to the Madison Parish Port Commission comply with LRS 34:2402C.

DECREE
At appellants' cost, the judgment is AFFIRMED.