Dear Mr. Church:
This office is in receipt of your request for an opinion of the Attorney General. You indicate the DeSoto Parish Industrial District wishes to clarify the appointment process insofar as 1) defining what constitutes the municipal "governing authority", and 2) wherein the term of office of an appointee is the same as the governing authority, what happens if the governing authority requests the resignation of an appointee prior to the end of their term, and the appointee declines the request.
In regard to your first question you state, "The purpose of this request is to clarify the appointment process specifically, `Is the governing authority of a municipality the mayor?' If there is a board of aldermen or council, is it the mayor and the council?"
We note in Atty. Gen. Ops. 85-33 and 83-827 that this office observed that parish governing authorities and municipal governing authorities are separate and distinct governing bodies, and found that the mayor and board of aldermen, as the municipal governing authority, have the authority to manage and control all municipal property.
However, while this office has stated that the municipal governing authority is the mayor and board of aldermen, this does not answer the question of the appointment process.
We note that R.S. 33:386 provides for appointment of municipal officials at the first regular meeting of the board of aldermen succeeding each municipal election where the mayor appoints a clerk, tax collector, and all other necessary officers whose election is not provided for "subject to confirmation of the board of aldermen".
We would conclude this procedure would be applicable to the appointment for the DeSoto Parish Industrial District by the governing authority whereby the mayor's appointee must be confirmed by the board of aldermen or council.
In your second question you ask what happens if the governing authority requests the resignation of an appointee prior to the end of the term and the appointee declines.
In this regard, while R.S. 39:551 provides that the appointee "shall serve for a term concurrent with the term of the appointing authority which appointed him", we would follow the reasoning in Atty. Gen. Op. 01-291 which relied upon R.S. 33:1415. In this latter opinion it was noted that the Caddo-Bossier Parishes Port Commission was created by the legislature with five of the nine members of the commission being appointed by the governing authority of the City of Shreveport, but was silent with respect to whether an appointing authority may remove a member during the member's term of office. R.S. 33:1415(A) was quoted and provides in part that no parish or municipal authority shall abolish any entity pursuant to the Section if that entity is required by state law, but further states, "Where a parochial or municipal governing authority is given the power to appoint members to boards or commissions, whether presently or hereafter created, the governing authority shall also have the power to remove and replace the members or commissioners."
This office then stated, "We conclude, based upon authority of R.S.33:1415(A) quoted above, that the Mayor is empowered to remove the City of Shreveport appointees from the port commission, with or withoutcause, where the removal is confirmed by the City Council." (Emphasis added). Support for this conclusion was found in the cases of McIntoshvs. Madison Parish Police Jury, 554 So.2d 227 (La.App 2nd Cir 1989) that the police's jury's general power over Madison Parish Port Commission allowed police jury to remove port commissioners "at will", and LawEnforcement District of Parish of Avoyelles vs. Avoyelles Parish PoliceJury, 736 So.2d 842, (La.App. 3rd Cir. 1999) that police jury which had power to create Gaming Revenue Distribution Committee, had power to remove members of committee.
Accordingly, we find an appointee of the municipal governing authority may be removed by the governing authority against his will prior to the end of his term.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly.
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received:
Date Released: October 14, 2003