PONDER, Justice.
 

 The written reasons for judgment handed down by the lower court fully recite the facts and issues presented in this case and correctly disposes of the issues involved herein, which we adopt as our reasons, viz.:
 

 “The District Attorney filed ten bills of information against L. P. Abernathy and A. K. Kilpatrick, both of' whom are alleged to be officers and stockholders of the Standard Office Supply Company, Incorporated, a corporation domiciled at Monroe, Louisana. The substance of the charges contained in the various bills of information filed- is that Abernathy being a member of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, a public board and body created and existing under the laws of Louisiana charged with the custody, control and expenditure of money derived from taxation, aided, assisted and abetted by A. K. Kilpatrick, knowingly, wilfully, and unlawfully became directly and indirectly pecuniarily interested in the profits to be expected and derived from the performance of various contracts alleged to have been made by the Standard Office Supply Company, Inc., and Louisiana State University and Agricultural and Mechanical College covering the sale of certain equipment and materials to the said University, in violation of -the provisions of Act 128 of the Legislature of Louisiana for the year 1906.
 

 “A separate motion to quash each of the aforesaid ten bills of information was filed. All of these motions, are identical and read as follows:
 

 “ ‘Now into this Honorable Court comes L. P. Abernathy and A. K. Kilpatrick and having heard the information read and protesting that they are not guilty of the offense set out therein, move to quash the said information for the reason that said information fails to charge on behalf of your movers the commission of any crime known to the statutes of the State of Louisiana.
 

 “ ‘Now, in the alternative and only in the event that this Honorable Court should hold that the Information filed herein charges on behalf of your movers the commission of a crime contained in the statutes of the State of Louisiana, and only in such event, then your movers further move to quash the said information for the further reasons, to-wit:
 

 “ ‘Act 128 of the General Assembly of the State of Louisiana for the year 1906, the authority under which this information was returned, is unconstitutional in that it violates and contravenes Section 16 of Article 3 of the Constitution of the State of Louisiana for the year 1921 and also Article 31 of the Constitution of the State of Louisiana for the years 1913 and 1898 in that the object of said act is not adequately expressed in its title and that- the
 
 *564
 
 title of said act is not indicative of the objects of said act. .
 

 ‘“Act
 
 128 of the General Assembly of the State of Louisiana for the year 1906, the authority under which this information was returned, is unconstitutional in that it violates Section 16 of Article 3 of the Constitution of the State of Louisiana for the year 1921 and Article 31 of the Constitutions of the State of Louisiana for the years 1913 and 1898 in that said act embraces and sets forth two or more distinct objects.
 

 “ ‘Act 128 of the General Assembly of the State of Louisiana for the year 1906, the authority under which this Information was returned, is unconstitutional in that it violates and contravenes Article 2 [art. 1, § 2] of the Constitution of the State of Louisiana for the year 1921 and Article 2 of the Constitutions of the State of Louisiana for the years 1913 and 1898 and also violates and contravenes the 5th and 14th amendments of the Constitution of the United States, U.S.C.A. in that said act restrains and abridges the freedom and liberty of contract, denies the equal protection of the laws of the persons aimed at and thus deprives the citizen of his liberty and property without the process of law.
 

 “ ‘Wherefore, the said L. P. Abernathy and A. K. Kilpatrick, pray that this Motion to Quash be maintained and that the said Information as to them, and as far as they are concerned, be declared null and void, and that they be discharged therefrom.’
 

 “For the purpose of trial all of said motions were by consent of the District Attorney and counsel for the accused consolidated.
 

 “The first ground of attack upon the validity of the bills of information is that they fail to charge defendants with the commission of any crime known to the statutes of the State of Louisiana.
 

 “If this contention is well founded, it will be of course, unnecessary for the Court to consider or pass upon the other grounds of attack set out in the motions to quash.
 

 “Act 128 of 1906, the statute under which these prosecutions admittedly are based, reads as follows, to wit:
 

 “ ‘An Act to define and punish as misdemeanors certain breaches of trust in public offices.
 

 “ ‘Section 1. Be it enacted by the General Assembly of the State of Louisiana, That any public officer of this State or city or municipality who shall exercise his power, or use his position as such officer to secure the awarding of any' contract for the construction of work or furnishing of labor or materials, or to secure the custody of any public funds to any partnership of which he is a member, or to any corporation of which he is an officer, shall be deemed guilty of a misdemeanor, and shall on conviction thereof be fined not less than one thousand dollars, or be imprisoned not less than six months, nor more than one year, or both.
 

 “‘Sec. 2. Be it further enacted, etc., That any member of any public board,
 
 *566
 
 body or commission created by, and now or hereafter existing under the laws of this State, and charged with either the custody, control or expenditure of any funds or monies derived from taxation, who shall as such member vote to award any contract for the performance of work or the furnishing of labor or materials, or who shall vote to award the custody of any such public funds to any partnership • of which he is a member, or in which he is interested, or to any corporation of which he is an officer, or who shall do any other act to secure such award by the board, body or commission of which he is a member to any such partnership or corporation ; or who shall be either directly or indirectly pecuniarily interested in the profits to be expected or derived from the performance of any such' contract, or the existence of any such custody so awarded, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not less than one thousand dollars, or be imprisoned not less than six months, nor more than one year, or both.
 

 “ ‘Sec. 3. Be it further enacted, etc., That any member of any public board, body or commission created by, and now or hereafter existing under the laws of this State, and charged with the custody, control or expenditure of any monies derived from taxation, or other public funds required by existing laws to be deposited in any chartered bank in this State, or in any depository which such public board, body or commission is given by law the right to designate or select, who shall vote to award, or who shall do any other act to secure the custody or deposit of such public funds to or with any bank or depository which will not undertake to pay interest thereon when there shall exist any other bank or banks chartered under the laws of this State in the parish in which said board is located or maintains its office, or keeps its records, which are willing, or shall offer to pay interest on such public funds, and to give security therefor, shall be deemed guilty of a misdemeanor, and shall on conviction thereof be fined not less than one thousand dollars, or be imprisoned not less than six months, nor more than one year, or both.
 

 “‘Sec. 4. Be it further enacted, etc., That all laws, or parts of laws, in conflict with or inconsistent with this Act, be, and the same are hereby repealed, and that this Act shall take effect from and after its passage.’
 

 “The offense of which it is claimed the two accused are guilty is merely that of being directly or indirectly pecuniarily interested in the profits to be expected or derived from the performance of certain contracts awarded by the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College (of which Abernathy was a member) for the furnishing of equipment and materials, to the Standard Office Supply Company, Inc., of Monroe, Louisiana, of which corporation the said Abernathy and Kilpatrick. were both officers and stockholders.
 

 “It will be noted from a reading of the bills of information that Abernathy in his capacity as a member of the Board of Supervisors of the Louisiana State Uni
 
 *568
 
 versity and Agricultural and Mechanical College, is not charged with having voted to award any of the contracts by the said Board of Supervisors to the Standard Office Supply Company, Inc., for the furnishing of materials or equipment, nor is he charged with having done any other act to secure the award of such contracts by the Board, body or commission of which he was a member, -to said corporation.
 

 “Defendants contend that to properly charge them with any offense set out in the aforesaid statute, it was necessary to allege not only that they were directly or indirectly pecuniarily interested in the profits to be expected or derived from the performance of the contract referred to, but that Abernathy (aided and abetted by Kilpatrick) in his capacity as a member of the Board of Supervisors of the University either voted to award the contracts referred to, to said corporation, of which he was an officer and stockholder, or that he (aided and abetted by Kilpatrick) did some other act to secure such award by the Board of Supervisors; that as the bills of information herein filed do not contain such allegations, they fail to charge any offense denounced by the statute upon which the State relies for a conviction. In other words, defendants claim that unless one by virtue of his membership on a public board or commission such as is referred to in the statute, votes to award or does some other affirmative act to obtain a contract or the award of funds by such board to a partnership of which he is a member or to a corporation of which he is an officer, he has committed no offense of -any kind under the statute, even though he be directly or indirectly pecuniarily interested in the profits to be expected or derived from the contract.
 

 “The State on the other hand takes the position that to properly charge the offense fourthly enumerated in Section 2 of the statute, it suffices only to allege the board membership of the defendant and the fact that while occupying such position he was either directly or indirectly pecuniarily interested in the profits to be expected or derived from the performance of a contract for the furnishing of labor or materials awarded by the board to any partnership of which the accused was a member or in which he was interested, or to any corporation of which he is an officer.
 

 “The State contends that the words ‘such Contract’ appearing in the last paragraph of Section 2 of the Act before the comma and the words ‘or the existence of any such custody so awarded,’ do not refer to a contract obtained as the result of the defendant board member’s vote of as the result of any act committed by him to secure the contract. On the contrary, learned counsel for the State contend that the expression ‘such contract’ merely refers back to the clause in section one of the Act wherein it is described as ‘any contract for * * * the furnishing of * * * materials.’ This, learned counsel for the State claim, is the only subject which the words ‘such contract’ can possibly have reference to.
 

 “I have carefully considered the wording of this Act and find myself unable to accept the construction placed thereon
 
 *570
 
 by the learned district attorney and his able assistant.
 

 “In my view the words ‘so awarded’ following the words ‘derived from the performance of such contract, or the existence of any such custody,’ refer to contracts obtained by a partnership of which a board member is a member
 
 or
 
 in which he is interested or by a corporation of which the board member is an officer as the result of the vote of the board member to award such contract, or as the result of some other act of the board member to secure such contract for such corporation of partnership.
 

 “We could well imagine a case where, without a board member’s knowledge or connivance, and even during his absence, his fellow board members might award to a corporation of which he was an officer or stockholder, or to a partnership in which he is interested, a contract for materials of some kind. In such an instance, I do not believe there would be a violation by the board member of either the letter or; the spirit of the Act under com sideration, even though as a stockholder or officer of the corporation receiving the contract he profited by the transaction, directly or indirectly. ■ ■
 

 “The obvious purpose of this Act was to prevent one from using his position on a public board, or his influence by reason of his membership upon such board, for his own gain and profit. Unless advantage be taken of this position however, either by a member’s own vote or by th'e votes of other- members of -the board" at his solicitation, or-as the result of some' act of connivance by him with other members of such board, or other affirmative act, indicating that-he has used his board membership for personal profit or gain, I do not believe there has been a violation of the Act in question.
 

 “If the construction placed upon the past paragraph of this Act by learned counsel for the State is correct, it would lead to the inevitable conclusion that although a member of a public board did not even attend a meeting of such board at which a contract was awarded to a corporation of which he was a stockholder and although he in no way consented to such an award and did not have any knowledge thereof, he would be guilty of an offense under the Act. More' than this if the contention of learned counsel for the State is correct, a board member could actually have opposed the award of such contract, yet-if a corporation of which he was an officer, obtained the award from the majority of the board, he would, nevertheless, -be guilty under the statute of being ‘directly or indirectly pecuniarily interested in the profits to be expected or derived from the performance of any such contract.’
 

 “I can not subscribe to any such construction. As- already pointed out, it is my view that-to violate any of the provisions of the Act it is necessary that the board member in such capacity shall vote to award the contract or do some other affirmative act -to influence the award of the same.
 

 “Intent guides construction. The object of all interpretation is to ascertain the intention of the Legislature, that- is
 
 *572
 
 the object to be attained by the passage of the statute. Considering the Act as a whole, I am of the opinion that the object sought by the Legislature to be attained by the passage of this Act was to prevent a breach of public trust. This breach, under the wording of the statute, must be evidenced by the vote of the board member, or by some other affirmative act to award to a corporation or partnership in which he is interested a contract, the giving of which is partly under his control.
 

 “If in this case, the defendant Abernathy aided and abetted by the defendant Kilpatrick, voted, as a member of the Board of Supervisors of the University, to award the contracts referred to, to a corporation of which he was an officer and stockholder, or did anything as such, to secure the same for said corporation, it will be easy enough for the State to file another bill of information so charging. If on the other hand, these charges can not be made because they are not true, in my opinion, there has been no violation of the Act relied upon by the State as a basis for this prosecution whatever else might be said of the propriety of defendants’ alleged acts.
 

 “Therefore, the motion to quash the said bills of information on the ground that they fail to charge any offense denounced by the Statute is sustained.
 

 “Having reached the conclusion that the motion to quash should be sustained on this ground, it becomes unnecessary for the Court to consider the other grounds of attack upon the validity of the bills of information.”
 

 For the reasons" assigned, the judgment is affirmed.