Dear Mr. Hughes:
This office is in receipt of your request for an opinion regarding the application of La.R.S. 14:140 to the situation presented in your original January 20, 2003 letter requesting an opinion. In that letter, you stated that several East Feliciana Parish School Board members, and/or their immediate families, are involved in a class action lawsuit involving the alleged misapplication of tax avails. You stated that, should they prevail, there could be substantial financial benefit for these school board members and/or their immediate families. With these facts in mind, you have posed the question of whether these school board members are prohibited from making decisions that relate to this lawsuit.
La.R.S. 14:140(A)(2) provides, in pertinent part, as follows:
A. [P]ublic contract fraud is committed:
 (2) [W]hen any member of any public board, body, or commission charged with the custody, control, or expenditure of any public funds votes for or uses his influence to secure any expenditure of such funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, director, or stockholder.
Although not technically a partnership, the plaintiff class in the above described lawsuit shares a common interest with any school board member who belongs to that class. A decision made by a school board member regarding the lawsuit could not only secure expenditures of funds for the lawsuit that would essentially affect his/her personal profit or gain, but also the personal profit and gain of the other members of the class.
It is important to note the purpose and function of La.R.S. 14:140, when applying it to the situation you presented. The Louisiana Supreme Court analyzed this statute by stating that, "[T]he obvious purpose of this Act was to prevent one from using his position on a public board, or his influence by reason of his membership upon such board, for his own gain and profit." State v. Abernathy, 194 La. 559, 194 So. 19 (La. 1940). The Court further elaborated by noting that, "[U]nless advantage be taken of this position however, either by a member's own vote or by the votes of other members of the board at his solicitation, or as the result of some act of connivance by him with other members of such board, or other affirmative act, indicating that he has used his board membership for personal profit or gain, I do not believe there has been a violation of the Act in question." State v. Abernathy, 194 La. at 569
(La. 1940). Therefore, these school board members would have to vote, solicit or perform an affirmative act that would essentially help in their personal profit or gain with regards to the lawsuit.
While your question poses a very broad inquiry of whether the school board members are prohibited from participating in all decisions relating to the lawsuit, as noted above, the Louisiana Supreme Court has narrowed what would be prohibited. For example, a decision to allocate additional funds that would aid in the success of the lawsuit and would lead to personal gain by school board members, would consequently be prohibited. However, other minor decisions regarding the lawsuit, which do not reserve expenditures to the personal profit or gain of school board members, may not be prohibited. It is the opinion of this office that the School Board take each situation on a case-by-case basis in order to determine if the member's position is being used at an advantage for personal profit or gain, thus public contract fraud. Out of an abundance of caution however, it may be in the best interest of the School Board to recuse all plaintiff school board members from making any decisions that affect the lawsuit, while cloaked under their duties and responsibilities of public office.
Public contract fraud does not appear to extend to those situations where the school board member has an immediate family member who will receive profit or gain as a result of the school board member's vote. It is further the opinion of this office that a school board member may legally be allowed to participate in decisions and votes on the lawsuit, if the school board member has an immediate family member that would receive profit or gain as a result of a decision of the School Board, provided that such participation is not a violation of the Louisiana Code of Governmental Ethics.
It is our hope this opinion sufficiently addresses your concerns. If this office can be of any further assistance please let us know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:_______________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs
DATE RELEASED: April 25, 2003
VERONICA L. HOWARD
Assistant Attorney General