Dear Mr. Hughes:
Our office has received your correspondence of March 11, 2003 inquiring whether members of the East Feliciana Parish School Board who are also members of a plaintiff class action lawsuit versus the School Board are prohibited from participating in School Board decisions relating to the lawsuit.
LSA-R.S. 14:140 provides in pertinent part:
14:140 Public contract fraud
A. Public contract fraud is committed:
(1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which he is a member, or to any corporation of which he is an officer, stockholder, or director; or
(2) When any member of any public board, body, or commission charged with the custody, control, or expenditure of any public funds votes for or uses his influence to secure any expenditure of such funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, director or stockholder.
The fact that an expenditure has been made to any party named in Paragraphs (1) and (2) of this Section, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder, or director, shall be presumptive evidence that such person has used his power, position, or influence to secure such expenditure.
In La. Op. Atty. Gen., 1956-58 p. 666, a school board member who individually operated an insurance business could not vote for or use his influence to secure expenditures of public funds for insurance for the school board. Similarly, in La. Op. Atty. Gen. 1946-48 p. 911, a board member could not vote for or use his influence to secure expenditures of board funds for the purchase of gasoline from himself.
It is important to note that in both of the foregoing opinions even though the individuals involved had not used their influence or voted for measures that would secure benefit to themselves, this office opined that it would be contrary to sound public policy for members of public bodies to be a party to any contract with boards of which they are members.
While a law suit is not per se a matter of contract, certain matters relating thereto may be such; particularly, in the instant case, the school board may be presented with an offer to compromise or settle the subject lawsuit. Clearly, the board members at issue would have a vested interest in a favorable settlement and should not, therefore, vote for or attempt to influence settlement or compromise which would be a contractual matter potentially inuring to their benefit.
For the foregoing reasons, it is the opinion of this office that school board members who are plaintiffs in a class action lawsuit against the East Feliciana Parish School Board would violate La.R.S. 14:140 if they vote for or attempt to influence the voting of the board with respect to matters of contract associated with the class action lawsuit of which they are members.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ PAUL R. KNIGHT Assistant Attorney General
PRK/ks/jy
Date Released: May 16, 2003
 PUBLIC FUNDS AMD PUBLIC CONTRACTS
Discussion of R.S. 14:139, dealing with influence of board member to secure expenditure of public funds to himself.
July 18, 1956
Honorable Walter Chachere State Representative P.O. Box 327 Winnsboro, Louisiana
You state that you wish to know if a member of the school board, who individually operates an insurance business, can legally obtain insurance for his agency from the school board.
The statute in point is the Public Contract Fraud Statute, R.S. 14:139, which reads as follows:
"Public contract fraud is committed:
 "(1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is an officer, stockholder or director; or
 "(2) When any member of any public board, body, or commission charged with the custody, control or expenditure of any public funds votes for or uses his influence to secure any expenditure of such public funds to himself, or to any partnership of which he is a member or to any corporation of which he is an officer, director, or stockholder.
 "The fact that an expenditure has been made to any party named in this article, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder or director, shall be presumptive evidence that such person has used his power, position or influence to secure such expenditure.
 Whoever commits the crime of public contract fraud shall be fined not more than one thousand dollars, or imprisioned, with or without hard labor, for not more than two years, or both."
You will note that the statute applies only when a member votes for or used his influence to secure any expenditure of public funds to himself, and further states that when an expenditure has been so made, it shall be presumptive evidence that such person has used his power, position or influence to secure such expenditure.
It is the opinion of this office that even through the member has not voted for or used his influence to secure such expenditure, and would thus not be amendable to the act above quoted, it would still be contrary to sound public policy for him to obtain insurance while he is a member of the school board.
G. DUPRE LITTON
 Schools and School Districts
Members of public bodies should refrain from being parties to any contract with boards of which they are members, as a matter of public policy.
October 17, 1947.
Honorable George W. Lester, District Attorney, 4th Judicial District, Monroe, Louisiana.
Your letter of October 13, 1947, enclosing a request from Honorable G. W. Welch, Superintendent of Quachita Parish Schools, for the opinion of this Department as to whether a Member of the School Board may legally sell gasoline to the Board, has been referred to me for attention.
Under the provisions of Article 140 of the criminal Code (Act 43 of 1942, as amended) and the decision of the Supreme Court in State v. Abernathy, 194 La. 559, 194 So. 19, a School Board member would not be guilty of any criminal violation unless he voted for or used his influence to secure the expenditure of the Board's funds to himself. However, this Department has consistently expressed the opinion that members of public bodies should refrain from being parties to any contract with boards of which they are members, as a matter of public policy.
FRANCIS R. EDWARDS